This is a suit under the Workmen's Compensation Law (No. 20 of 1914, as amended), and was filed on September 12, 1939. Numerous exceptions were filed and tried, some of which were sustained, but the errors were allowed to be cured by an amended petition.
Defendants filed their answer on April 17, 1940, and the case was set for trial for May 29, 1940. On May 13th defendants filed the following petition with the attached documents:
"The petition and motion of the Mansfield Hardwood Lumber Company of Louisiana, Inc., and H.D. Thomas, made defendants in the above and foregoing styled and numbered cause, appearing reserving all rights under the exceptions and answers heretofore filed, appearing herein for the purpose of this motion, and with respect represents and avers:
"1. That your movers are the defendants in the above and foregoing styled and numbered cause, a compensation suit, which is set for trial on May 29, 1940, as will appear by the minutes of the court which are made a part hereof by reference.
"2. That J. Wilbur Weaver, a resident of Natchitoches Parish, Louisiana, is the plaintiff in this case and John G. Gibbs, a resident of Natchitoches Parish, Louisiana, is his attorney.
"3. That your movers further show that their attorney, W.T. Holloway, has written John G. Gibbs, the attorney for plaintiff, and has also seen him personally and has demanded that the plaintiff submit to an examination before Dr. R.S. Roy, of Natchitoches, and Dr. Dean H. Duncan of Shreveport, advising the attorney for plaintiff that all the necessary expenses and incidentals connected thereto would be fully paid but that the attorney for plaintiff would not have the party present and refused to permit the plaintiff, J. Wilbur Weaver, to be *Page 104 
examined by either of these two doctors, both of whom are competent and qualified and have no interest in the case, as will appear more fully by copies of letters mailed to the plaintiff's attorneys and answers received for which are attached hereto and made a part of this petition.
"4. That your petitioners in this motion further show and aver that this refusal is willful and without any just cause or reason; that no unreasonable amount of traveling expenses, etc., will be incurred in the same and that your mover is able and willing to pay all of the expenses that might be incurred in connection with the same and that such a request is reasonable and proper.
"5. That your movers further show and aver that in order for them to properly prepare their defense the examination of the plaintiff is necessary, essential and provided for by the Workmen's Compensation Act, and more particularly by Section Numbers 4399 and 4400 of Dart's Louisiana General Statutes of Act No. 20 of 1914, as amended.
"6. That your movers further show and aver that unless the plaintiff submits voluntarily to the examination or unless the court orders and commands an examination, it will be impossible to try and dispose of the same on the 29th day of May, 1940, or any other time until this has been done and that they are entitled to this right.
"7. That your movers further show and aver that the court should order and command the plaintiff and his attorney to authorize him to submit to the examination or examinations as set forth herein, at a reasonable time before the day of the trial and in the event of their failure to do so, that this case should be continued until such time as they consent to the same; that the date should be such that ample time is given for the defense.
"8. That your petitioners further show and aver that unless the plaintiff is ordered and commanded to submit to the examination and unless the defendant is granted a continuance, until the same is done, your mover will suffer irreparable injury and will have no chance of trying the case properly and will be totally unprotected and will be utterly unable to show the actual condition of the plaintiff in this cause, as well as whether he is actually injured or not.
"9. That your movers further show and aver that it is entitled to have the plaintiff examined as well as a continuance of the trial of the case until this examination is conducted; that the law and equity justifies the same and that unless the same is done, your mover will be severely injured and that it is to the interest of both parties to have these examinations conducted and that it is to the interest of the court to have such evidence before it in order to reach a fair and impartial judgment.
"10. That the court should sign the attached order commanding and ordering the plaintiff to submit to the examination on the days and dates set by the court and suspending and continuing any further action in this cause until the same is done.
"11. That your movers show and aver that such is material, essential and necessary; that they will be unable to appear and defend the suit and that a continuance is necessary and essential.
"12. And now further pleading, in the alternative, and only in the alternative, the court should refuse to sign the attached order in an ex parte manner, your movers show and aver that the plaintiff and his attorney should be ordered and commanded to show cause on the day and date fixed by the court why this should not be done.
"Wherefore, your movers pray that this motion be filed; that the plaintiff and his attorney be served with the same in the manner required by law; and that the court sign the attached order commanding and ordering the plaintiff and his attorney to permit the plaintiff to be examined before Dr. R.S. Roy, of Natchitoches, Louisiana, and Dr. Dean H. Duncan, of Shreveport, Louisiana, on the day and dates set by the court and upon their refusal to do so, the case as set for May 29, 1940, be continued until such time as the same is done.
"Your movers further pray in the alternative and only in the alternative, that the court should refuse to sign the ex parte order; that the plaintiff and his attorney be ruled into court on the day and date fixed by the court to show cause why the plaintiff should not be examined and why the case should not be continued; all costs to be paid by the plaintiff.
"Further prays for all other orders and decrees necessary and for general and equitable relief." *Page 105 
"April 18, 1940.
Mr. John G. Gibbs Attorney at Law, Natchitoches, La.
In re: Weaver v. Mansfield Hdw. Lbr. Company.
Dear Sir:
This is to advise you that I would like to have Mr. Weaver ready for examination in Shreveport on Thursday, April 25, 1940. I will have a car pick him up at the more convenient place for him on that date and I would appreciate your letting me know by return mail where he will be and if that date will be agreeable.
Thanking you, I am Yours very truly,
--------- Attorney at Law."
WTH lj
"Natchitoches, La.
April 23, 1940.
Mr. W.H. Holloway, Attorney at Law, Jonesboro, La.
Re: Weaver v. Mansfield Hdw. Lbr. Co.
Dear Sir:
In reply to your letter of April 22d, we are glad to advise that we have no objection to Mr. Weaver being examined in any reasonable place, and at any reasonable time, in this Parish by any qualified physician or surgeon, either located in this Parish or elsewhere.
If you will advise where and when you want Mr. Weaver to report in this Parish, he will be there for any examination you desire to have made.
Yours very truly, J.G. Gibbs."
"April 22, 1940.
Mr. John G. Gibbs, Attorney at Law, Natchitoches, La.
Dear Sir:
I must again insist on the plaintiff in the case of Weaver v. Mansfield Hardwood Lumber Company being examined on the date set in Shreveport, Louisiana. Upon his failure to submit to the examination and upon your failure to agree to have him submit to the examination, it will be necessary for me to take advantage of the requirements of the State Compensation Act.
With best personal wishes, I am Yours very truly,
--------- Attorney at Law."
WTH lj
"Natchitoches, La.
April 19, 1940.
Mr. W.T. Holloway, Attorney at Law Jonesboro, La.
Re: Weaver v. Mansfield Hardwood Lumber Company.
Dear Mr. Holloway:
I have your letter in which you express a desire to have Mr. Weaver examined at Shreveport on Thursday, April 25, 1940.
Owing to past experiences in similar cases, we find it impossible to consent to this kind of request for the reason that where a claimant is examined at some place outside the jurisdiction of the Court, we are then served with notice to appear at a certain time to take testimony of the examining doctor, which usually calls for a trip and a day's work that is not contemplated when the litigation arises.
There are several good doctors in Natchitoches Parish, with X-ray equipment, and we will be glad to cooperate with you in having Mr. Weaver examined by any physician or surgeon in Natchitoches Parish that is acceptable to us. I might state that there are only one or two in the Parish that would not be acceptable.
Yours very truly,
J.G. Gibbs."
"May 6, 1940.
Mr. John G. Gibbs, Attorney at Law, Natchitoches, La.
In re: Weaver v. Mansfield Hardwood Lbr. Co.
Dear Sir:
This is to advise you that I would like to have Mr. Weaver be in your office Friday of this week in order that we might have him examined in Natchitoches on that day early Friday morning. At the same time I would like to carry him to Shreveport to be examined there and I assure you that we will make arrangements whereby no trips will have to be made to Shreveport in connection with the matter.
With best wishes, I am Yours very truly,
--------- Attorney at Law.
WTH lj".
The lower Court signed the following order on the same day:
"Considering the above and foregoing affidavit and petition, the law being applicable thereto: *Page 106 
"It is ordered and J. Wilbur Weaver and John G. Gibbs, his attorney, are ordered and commanded to show cause on the 16th day of May, 1940, at the hour of 10 o'clock A.M., why the said J. Wilbur Weaver should not submit to an examination before Dr. R.S. Roy in Natchitoches, Louisiana, and Dr. Dean H. Duncan, Shreveport, Louisiana, and why the case as styled herein and set on May 29, 1940, should not be continued until the same is done.
"Thus done and signed at Natchitoches, Louisiana, on this the 13th day of May, 1940.
"Jas. W. Jones, Jr., Judge."
Plaintiff filed the following answer to said rule:
"Now into Court, represented by undersigned counsel, appears J.W. Weaver and also appears John G. Gibbs, individually, for the following purpose, to-wit:
"1. John G. Gibbs moves and prays this Honorable Court to dismiss the rule issued herein against him as he is counsel for the plaintiff herein, and is not a litigant in the proceedings.
"2. J.W. Weaver shows that defendant's application for rule herein fails to disclose a right or cause of action.
"3. Plaintiff Weaver also shows that the Compensation Law provides that the Court may appoint a doctor to examine a claimant and that defendant's application herein does not come within the purview of the statute; therefore shows the rule issued should be recalled.
"4. Further answering and in the alternative, appearers show that under proper procedure this Honorable Court has the right to name one or more doctors to examine a claimant where he is seeking compensation, but the law contemplated a plain application on behalf of any party at interest, and leaves the selection of the doctor or doctors to make the examination entirely to the Court, but it permits the Court only to appoint a doctor or doctors to make the examination who reside within the Parish where the litigation is pending.
"5. Your appearers show that the Court should appoint a doctor for this examination who has not been interviewed or selected in advance by either party.
"6. Appearers show that the correspondence referred to in defendant's application in self-evident and in the record and speaks for itself.
"7. Appearers further show that the local doctor named in the application frequently interests himself in litigated cases to a greater extent than is necessary.
"8. Your appearers show there are numerous competent physicians and surgeons in Natchitoches Parish other than the one selected by the defendant, and plaintiff has no objection to this Honorable Court selecting one or more from the list of qualified doctors.
"9. Appearer, J.W. Weaver, shows that Dr. Reed is his regular physician and has treated him for the injury sustained, and suggests that in Natchitoches Parish there are Dr. Phelps, the Coroner, Dr. Corkern, Dr. Pierson and numerous others who are capable and disinterested, and all of whom are known to the Court, and from same one or more should be selected; and such selection should not include either Dr. Reed, plaintiff's selected physician and surgeon, nor Dr. Roy, defendant's selected physician and surgeon.
"10. Appearer J.W. Weaver shows that he has not consulted any doctor nor been examined by any doctor other than Dr. Reed of Natchitoches and someone at Campti, whose name is not recalled by plaintiff's attorney at this time.
"Wherefore, appearers pray that the exception be sustained and the rule recalled.
"Pray in the alternative that his exception to being ordered examined by the doctor selected by defendant be sustained.
"Prays further in the alternative that this Honorable Court appoint one or more physicians or surgeons, or both, to make any examination desired, and that they be selected by the Court of doctors within the Parish, and that neither plaintiff's regular doctor nor the one selected by the defendant, be selected.
"Prays further for all necessary orders and equitable relief as the law and evidence will disclose proper in the premises."
On the day the rule was made returnable, the lower judge disposed of it with the following order, as shown by the minutes of the Court for that day:
"May 16, 1940.
"23543. J. Wilbur Weaver v. Mansfield Hardwood Lumber Company. Exception to rule and answer filed by plaintiff; argued and ordered by the Court that the plaintiff J. Wilbur Weaver, appear at the office of the Natchitoches Sanitarium on May 20, 1940, at the hour of 10 o'clock *Page 107 
A.M., to then and there submit to an examination by physicians of the defendant's choice, Dr. Dean H. Duncan and Dr. R.S. Roy, reserving the right to the plaintiff to have the plaintiff examined by two physicians of his choosing, and also directing the plaintiff to be examined by Dr. W.H. Pierson and Dr. R.E. Corkern at the same time and place.
"Objection made by counsel for the defendant to that part of the above order refusing to direct the plaintiff to go to Shreveport for said examination."
On the day of trial, May 29, 1940, defendant filed a motion for a continuance, based upon the refusal of the trial Judge to order plaintiff to accompany defendants to Shreveport for an examination and also of plaintiff's refusal to go for an examination.
The motion was overruled and the case tried resulting in judgment for plaintiff for 300 weeks' compensation. Defendants perfected an appeal to this court.
Defendants have filed here a motion to remand the case in order that plaintiff might be ordered to submit himself to the physicians of defendants' choice in Shreveport, Louisiana, for an examination. The compensation act (No. 20 of 1914, §§ 9, 10, as amended) provides as follows: "An injured employee shall submit himself to examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter, as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payment under this act." Dart's Louisiana General Statutes, § 4399, Act No. 38 of 1918.
"If the employee refuses to submit himself to a medical examination as provided in Section 9 [§ 4399], or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this act shall be suspended until such examination takes place. And, when a right to compensation is suspended no compensation shall be payable in respect of the period of suspension." Dart's Louisiana General Statutes, § 4400, Act No. 38 of 1918.
There seems to be no question as to the rights of defendants under this law and the only question to be determined is whether or not the demand made by the defendants for plaintiff to be examined in Shreveport is a reasonable place. We think it is.
Natchitoches, Louisiana, is about 75 miles from Shreveport. Defendants realized that the expenses of conveying plaintiff to Shreveport and returning him to his home were to be paid by them and offered to do this.
It is common knowledge that specialists in the medical profession will not leave their offices, except in cases of emergency, and we are sure that any medical specialist could better examine and diagnose plaintiff's injuries in the specialist's own office or sanitarium, with his own equipment, than anywhere else. It is not contended that any harm could come to plaintiff by making the trip from Natchitoches to Shreveport. The principal objection comes from his attorney who contends that it might later require him to go to Shreveport to take the testimony of the doctors whom defendants wish to examine the plaintiff. There is no merit in this argument. Even though the Shreveport physicians went to Natchitoches to examine plaintiff, it would still be necessary for plaintiff's attorney to come to Shreveport to take their testimony. There was nothing unreasonable in the demands of defendants and the lower court erred in not ordering the plaintiff to go and be examined and, upon his failure to do so, to continue the case until the examination was submitted to by plaintiff.
The law on this subject seems to us to be clear. The judgment of the lower court is therefore set aside and the case is remanded to be proceeded with in accordance with the views expressed herein. *Page 108