Invoking the provisions of the Louisiana Employers' Liability Act, Act No. 20 of 1914, as amended, plaintiff, Tom Lowe, brings this action against his employer, Arkansas Louisiana, Missouri Railway Company, and prays for a compensation award as for total and permanent disability.
He alleges in his petition the experiencing of an accident in the course and scope of his employment; and further:
"That as a result of the aforesaid accident petitioner sustained and now suffers from the following:
"(a) An enlargement of the left kidney with enlargement and dilatation of the pyelus, together with a lateral and downward displacement of the left kidney.
"(b) A fracture of the left transverse process of the third lumbar vertebra. *Page 161 
"(c) Traumatic arthritis of the lumbar-sacral and left sacroiliac articulations.
"(d) Marked pain, soreness and tenderness about the region of the kidneys, sides and entire back."
Defendant joined issue through the filing of an appropriate answer.
Subsequently, but before trial of the merits, defendant tendered a written motion in which it avers in part:
"That your appearer herein requested permission to have plaintiff examined by doctors of its choice and on or about May 2, 1940, plaintiff reported to Dr. D.M. Moore and Dr. D.T. Milam for an examination, these being the doctors employed by defendant to make an examination of plaintiff. Dr. D.M. Moore is a roentgenologist and made X-rays of plaintiff which showed that all fractures had healed and that there was no arthritis or anything to indicate that plaintiff was disabled. That Dr. D.T. Milam specializes in genitourinary diseases and wanted to examine plaintiff to determine what, if any, disability there was in his kidneys. Dr. Milam wanted to make a cystoscopic examination of Tom Lowe on May 2, 1940, but Tom Lowe refused to permit this examination to be made. Dr. Milam advised J.C. Theus, Jr., one of the attorneys for defendant, that Tom Lowe had refused to undergo a cystoscopic examination and it was then arranged that Dr. Milam would make an examination of plaintiff's kidneys by means of an intravenous pyelogram, which examination is painless and without any danger to the life or health of the patient. That by agreement with Mr. George Wesley Smith, one of the attorneys for plaintiff, Tom Lowe reported to Dr. D.T. Milam for an examination on May 15th and arrangements were made to have this intravenous examination made on May 16th, 1940, at the St. Francis Sanitarium in Monroe, Louisiana; that plaintiff reported to the St. Francis Sanitarium on May 16, 1940, but at that time he refused to permit defendant's doctors to make this examination of his kidneys.
"That plaintiff's refusal to permit the doctors to make an examination of his kidneys was unreasonable for it is impossible for the defendant to ascertain the condition of plaintiff's kidneys without this examination being made and this examination would be made without pain to Tom Lowe and without any danger of impairing Tom Lowe's health; that this examination would have been made at the entire expense of the defendant."
The prayer of the motion is "that a rule issue ordering Tom Lowe to show cause, if any he can, on a date to be fixed by this Honorable Court, why he should not submit to an examination as requested by defendant and after due proceedings had that there be judgment rendered restraining Tom Lowe from proceeding further in this case until the examination requested by defendant is made and judgment be rendered decreeing that no compensation be paid Tom Lowe during the time that he refuses to submit to an examination. In the alternative your defendant prays that Tom Lowe be prohibited from introducing any evidence in the trial of this case as to any disability that he may have as a result of his kidneys."
The court ordered the issuance of the rule to show cause, as defendant prayed.
In compliance with the order, Tom Lowe filed an answer averring:
"Plaintiff admits that he refused to permit Dr. D.T. Milam to make a cystoscopic examination as alleged and that he refused to permit Dr. Milam to inject some foreign substance into his veins, and he insists that he is within his legal rights in refusing both the cystoscopic examination and the injection of the foreign substance into his veins.
"Plaintiff, in answer to paragraph 3, avers that his refusal to permit the examination as requested was reasonable and legal, and plaintiff avers that this defendant and its doctors have examined and reexamined plaintiff until they should thoroughly know his condition, and plaintiff avers that the requested examination is totally unreasonable and is not authorized by law."
According to the minutes of the district court, a hearing on the motion and rule was first fixed for June 5, 1940. It was continued, however, until July 8, 1940. On this date the court advised plaintiff "to report and submit to examination", and then the case was reset for October 8, 1940.
The court minutes for this last mentioned date read in part:
"* * * the rule is taken up on October 8th, the situation still being the same, the plaintiff having failed to submit to an examination, the Court being of the opinion *Page 162 
that a situation is presented which it will be impossible for the Court to decide the issues in the case due to an absence of medical testimony, due to the plaintiff's refusal to submit to a medical examination, and the only medical testimony according to the pleadings and statements of counsel for both sides would be the medical testimony in connection with an examination made in January, 1939, or one year and approximately ten months prior to the trial. In view of the above facts the Court feels that the proper procedure would be to grant the prayer of the defendant to suspend any further prosecution and proceedings under this suit until the plaintiff has submitted to either the cystoscopic examination requested or the X-ray examination requested by the defendant."
In keeping with the announced view, a judgment was signed on October 14, 1940, decreeing "that all further proceedings in this case be suspended until the plaintiff in this case has submitted to either the cystoscopic examination requested or the X-ray examination requested by the defendant."
It is from this ruling that this devolutive appeal is being prosecuted by plaintiff.
Subsection one of Section 9 of our compensation statute, Act 20 of 1914, as amended by Act No. 38 of 1918, provides:
"That an injured employee shall submit himself to examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter, as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payment under this act."
Obviously, the quoted provisions contemplate only reasonable examinations. Certainly an injured employee would not be compelled to submit to an unreasonable one, such as an examination capable of producing injurious effects or resulting in dangerous consequences.
Section 10 of said act contains provisions of a penal nature reading:
"That if the employee refuses to submit himself to a medical examination as provided in Section 9, or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this act shall be suspended until such examination takes place. And, when a right to compensation is suspended no compensation shall be payable in respect of the period of suspension."
The written motion of defendant discloses that plaintiff submitted himself to one of the desired examinations. Dr. D.M. Moore X-rayed him on May 2, 1940, in connection with the claims of a fracture of the left transverse process of the third lumbar vertebra and of traumatic arthritis of the lumbar-sacral and left sacroiliac articulations. It was only the examination of his kidneys, through and by means of a cystoscopic inquiry or an intravenous pyelogram, to which plaintiff objected and made refusal.
In his answer to the rule to show cause, plaintiff challenged, and placed at issue, the reasonableness of the two named methods proposed to be used in the examining of his kidneys. But there is no evidence in the record respecting the issue thus created. Counsel for plaintiff states in his brief that none was adduced; and the above quoted court minutes inferentially support this assertion. Defense counsel offer this comment:
"The record does not contain either a note of evidence or an agreed statement of fact as the evidence was not transcribed * * *. In absence of testimony or statement of fact this court must presume that the trial court proceeded on proper evidence and the only thing this honorable court can review is the questions of law presented by the pleadings."
A determination of the issue concerning the reasonableness of the proposed kidney examination is important as and to the extent hereafter shown. If it appears, after and only after evidence regarding the issue is received, that the desired examination is unreasonable, plaintiff cannot be penalized in any manner for refusing to submit to it. Should the proof, however, reveal such examination to be a reasonable one, and he still does not permit its being conducted, he will be penalized, but only in this manner, by prohibiting his introduction of evidence on the trial of the merits to substantiate his claim for kidney injury and disability. The penalty provided for by the provisions of Section 10 of the compensation statute can not be imposed, in the event of this last mentioned refusal, in view of his charging in the petition other severe injuries, capable of producing the permanent and total disability asserted, for which he has already willingly submitted to a requested examination. *Page 163 
Therefore, the judgment appealed from is reversed and set aside, and the case is remanded to the district court for further proceedings according to law and in a manner consistent with the views above expressed. Costs of this appeal shall be paid by defendant, while all others shall await the final determination of the case.