179 So.2d 508 (1965)
Elton ABSHIRE, Plaintiff-Relator,
v.
HARTFORD ACCIDENT AND INDEMNITY COMPANY, Defendant-Respondent.
No. 1602.
Court of Appeal of Louisiana, Third Circuit.
October 27, 1965.
Rehearing Denied November 17, 1965.
*509 Simon, Trice & Mouton, by J. Minos Simon, Lafayette, for plaintiff-relator.
Pugh & Boudreaux, by Nicholls Pugh, Jr., Lafayette, for defendants-respondents.
En Banc.
TATE, Judge.
Supervisory writs were issued upon the plaintiff's application in order to review an ex parte order of the trial court requiring him to report for medical examination. The question presented by the present supervisory application is quite similar to those decided this day in Lindsey v. Escude, La. App., 179 So.2d 505. However, the Lindsey case concerns a suit in tort, while the present action is for workmen's compensation benefits. This is a distinction with a legal difference, as will be noted below.
Upon ex parte motion of the defendant compensation insurer, supported by an affidavit of defendant's counsel that such medical examination was desirable, the trial court on August 25th issued an order for compulsory medical examination of the plaintiff. No prior notice of the order was afforded him or his counsel. This order provided that he "submit to a physical examination, including X-rays and usual and ordinary tests" by a specified orthopedist on August 31, 1965, at 2:00 P. M.
The order was personally served upon the plaintiff on the following day. The next day (August 27th) his counsel filed a rule to set aside the ex parte order commanding the plaintiff to submit to physical examination on the ground, inter alia, that the order could be issued only upon motion for good cause shown and upon notice to the party to be examined.
The trial court refused to set this rule for hearing, refusing to sign the plaintiff's motion with the written statement that the sheriff's return showed that the plaintiff had received notice of the medical examination (on the day after it had been issued).
We issued certiorari upon the application of the plaintiff in order to review his contention that such ex parte order for medical *510 examination is not authorized by Louisiana law.
In the companion Lindsey case, decided this day, the order for medical examination was sought upon the basis of Article 1493 in our Code of Civil Procedure. We held that such code article by its terms requires prior notice and an opportunity to be heard before an order for compulsory medical examination may be granted.
However, Article 1493 also provides that the court may issue an order for medical examination under its terms "except as otherwise provided by law".[1] This latter proviso was specifically intended to leave undisturbed the provisions of the Louisiana Workmen's Compensation Act, LSA-R.S. 23:1121 et seq., relative to medical examinations in such cases. Comment (d), "Historical Note" to LSA-C.C.P. Art. 1493, West's Annotated Louisiana Code of Civil Procedure.
As we shall show, this excepting proviso was nevertheless not intended to eliminate the requirement of prior notice and an opportunity to oppose the examination before the order is issued. Simply stated, because of it, Article 1493 does not impose in compensation proceedings the greater showing of good cause which must be made by a defendant in a tort or other non-compensation action before the court may grant his motion for an order of compulsory medical examination under this code article.
Under the terms of this code article, in summary, the court may issue an order for such medical examination "only on motion for good cause shown", LSA-C.C.P. Art. 1493. As noted in the companion Lindsey decision, the identical provision of the federal rule which is the source of this code article, is interpreted to mean that the party seeking an order of compulsory medical examination has the burden to establish good cause for the order, as to which the court should exercise discriminating application before granting. Schlagenhauf v. Holder, 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed. 2d 152 (1954); 2A Barron and Holtzoff, Federal Practice and Procedure (1961), Section 822.
For instance, the number of examinations ordered is generally held to a minimum, with often a denial of a motion for a second examination by a specialist in a given field when the moving party has already had the injured person examined by such a specialist. 2A Barron and Holtzoff, cited above, at p. 483. Thus, in Woods v. Grain Dealers Mutual Ins. Co., La.App. 2 Cir., 159 So.2d 410, a tort suit, a trial court was held not to have abused its discretion by denying a defendant's motion under LSA-C.C.P. Art. 1493 for medical examination of the plaintiffs by an orthopedist, where the defendant had secured an earlier examination by another orthopedist and where the plaintiffs had made available to the defendant copies of all medical reports of their own examining and treating physicians.
Unlike such restrictions limiting medical discovery under Article 1493, however, the Louisiana workmen's compensation act entitles the employer to have the injured claimant medically examined as often as may be reasonably necessary during the period he is receiving compensation payment. LSA-R.S. 23:1121.[2] If LSA-C.C.P. Art. 1493 *511 had not excepted compensation proceedings from its regulation, then its more stringent requirements for successive medical examination might unwisely have restricted the right under the compensation statute of employers to obtain continuous re-examination of injured claimants as reasonably necessary (so appropriate in workmen's compensation cases in order to assure the basis for the continued payment of compensation).
But the excepting of compensation proceedings themselves from the application of LSA-C.C.P. Art. 1493 does not mean that orders for medical examinations of such claimants may be obtained ex parte and without notice to them. It simply means that the issuance of such orders may be obtained under the broader authority of the compensation statute, but still only with whatever prior notice and opportunity to oppose as may be available to the claimant when compulsory medical examination is sought under the broader statutory authority of the compensation statute.
The compensation act itself does not specifically provide whether orders for medical examination may be obtained only after notice.[3] However, without exception insofar as we can ascertain from the reported cases, the uniform practice has been for no court order to issue requiring a workmen's compensation claimant to submit to medical examination except after prior notice and an opportunity for contradictory hearing by means of a rule to show cause or otherwise. See, e. g.: Aucoin v. Employers' Liability Assur. Corporation, La. App., 1 Cir., 43 So.2d 61; Stroud v. Hart ford Acc. & Indem. Co., La.App. 2 Cir., 33 So.2d 772; Kirby v. Terminal Paper Bag Company, La.App., 2 Cir., 16 So.2d 597; Lowe v. Arkansas & L. M. Ry. Company, La.App. 2 Cir., 11 So.2d 618 and 5 So.2d 160 (earlier appeal); Weaver v. Mansfield Hardwood Lumber Company, La.App. 2 Cir., 1 So.2d 103.
The reason for this is obvious. The statutory authority, LSA-R.S. 23:1121, provides that the employee shall submit himself for medical examination "as often as may be reasonably necessary and at reasonable hours and places", upon penalty of suspension of his compensation.[4] The determination of the reasonable necessity of the examination, as well as of the reasonableness of the hours and place of examinations, is not one that properly should be left to the unilateral suggestion of the employer, without any consultation whatsoever of the employee as to his availability and personal opposition to a given medical examination at a given hour and given place. This is especially so in view of the drastic penalty to the employee of being denied compensation if what he feels to be a justified refusal to submit to unreasonable medical examination, in the final event is not sustained by the courts.
For similar reasons, an employer is not entitled to require an injured employee to submit to surgical treatment upon the former's unilateral determination that such is reasonable, and the employer is liable for compensation benefits until the courts have approved his tender of treatment as reasonable. Duplechien v. States Exploration Co., La.App. 1 Cir., 94 So.2d 460. The ruling *512 of the Duplechien case was expressly approved by our Supreme Court in Sumrall v. J. C. Penney Co., 239 La. 762, 120 So.2d 67, 69. This latter decision further held that an employer is liable for statutory penalties for the arbitrary non-payment of compensation if he terminates compensation payment upon his own ex parte determination that the employee should submit to surgery, whether or not the courts ultimately sustain the employer's position.
These rulings are indicative to us that likewise an employer should not be entitled to require an employee to submit to a specific medical examination simply upon his own ex parte determination that such is reasonable, upon penalty to the employee of loss of his compensation if he resists the employer's request as unreasonable. A judicial determination, pursuant to contradictory proceeding, should similarly be necessary to justify an employer's suspension of compensation payments because of an employee's allegedly unreasonable refusal to submit to medical examination.
Further, as Professor Wex Malone noted in his authoritative treatise, Louisiana Workmen's Compensation (1951), Section 382, p. 485: "* * * the examination must be a reasonable one. The employee cannot be compelled to submit to anything that is likely to be dangerous or extremely painful; nor can he be forced to submit to treatment under the guise of examination. In order to obtain the benefit of a specialist's examination, the court may require that the plaintiff make inconvenient or even lengthy trips for this purpose; but when a satisfactory examination can be made easily without an extended journey the worker will not be compelled to submit to an examination by some particular specialist located at a distance."
If the parties cannot agree upon these matters (as of course they do in the vast preponderance of cases), the remedial compensation enactment does not warrant the interpretation that the injured claimant must be bound by his employer's unilateral determination of the time and place and extent of medical examination, upon penalty of losing his compensation for the period in which he seeks judicial review of the employer's ex parte order for medical examination, if ultimately the court agrees that the medical examination ordered is reasonable as initially demanded by the employer.
As a final observation, LSA-C.C.P. Art. 963 provides:
"If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
"If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
"The rule to show cause is a contradictory motion."
The provisions of the workmen's compensation act authorize continuous medical examination of the employee as reasonably necessary. Under them, while an employer might be clearly entitled in general to a medical examination, he is nevertheless not clearly entitled to the particular medical examination at the time and place and by the physician specified in his ex parte motion for same, nor for such an examination without prepaying the reasonable travelling expenses of the employee to report for same (see Weaver v. Mansfield Hardware Lumber Co., above cited, at 1 So.2d 107). Therefore, the order to obtain the particular examination requested may be granted only upon contradictory motion where the reasonableness of these specifics may be determined in the light of the employee's interests also.
In summary, therefore, the ex parte order for compulsory medical examination issued in the present instance was not authorized by law. The plaintiff employee is therefore *513 entitled to have annulled this order issued without prior notice to him.
We cannot conclude without observing, however, that the interests of both the injured employee and his employer are generally best served by consultation between opposing counsel and cooperative agreement as to examining medical specialist, the time and date of the examination, the employee's reasonable travelling expenses, and other incidental matters. It is indeed unfortunate that counsel in the present case could not have done so in order to avoid the delay and expense occasioned by the present judicial proceedings relative to medical examination, which in the vast preponderance of cases are agreed upon between counsel without the necessity for judicial intervention. We of course respect the sincerity of both counsel and their right to secure judicial solution of the question of medical examination.
For the reasons assigned, we annul the invalid ex parte order requiring the plaintiff to submit to medical examination. The matter is remanded for further proceedings not inconsistent with the views expressed herein. The defendants-respondents are assessed with the costs of the improvidently issued order for compulsory medical examination and of these supervisory proceedings to review it.
Order of trial court annulled.
HOOD, Judge (dissenting).
In my opinion, the drafters of LSA-C.C.P. Article 1493 included the words, "except as otherwise provided by law," in that article primarily so that its provisions would not apply in workmen's compensation cases. This is apparent from paragraph (d) of the reporter's comments relating to that article.
The Louisiana Workmen's Compensation Act, and particularly LSA-R.S. 23:1123, provides that "the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court." Since there is no requirement that there be a contradictory hearing before the issuance of such an order in a workmen's compensation suit, I feel that the majority has erred in requiring such a procedure in this case.

On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., is of the opinion that a rehearing should be granted.
NOTES
[1] LSA-C.C.P. Art. 1493 provides in full: "In an action in which the mental or physical condition of a party is in controversy, the court in which the action is pending or in which the judgment was originally rendered may order him to submit to a physical or mental examination by a physician, except as otherwise provided by law. The order may be made only on motion for good cause shown and upon notice to the party to be examined and to all other parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."
[2] LSA-R.S. 23:1121 provides: "An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time there after as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter."
[3] Cf. also LSA-R.S. 23:1123: "If there be any dispute thereafter as to the condition of the employee, the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court. * * *"
[4] See. LSA-R.S. 23:1124: "If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension."