184 So.2d 801 (1966)
Edrick GREEN, Plaintiff-Appellant,
v.
LIBERTY MUTUAL INSURANCE COMPANY, Defendant-Appellee.
No. 1657.
Court of Appeal of Louisiana, Third Circuit.
March 22, 1966.
Rehearing Denied April 19, 1966.
*803 Robert E. Turner, Lake Charles, for plaintiff-appellant.
Hall, Raggio & Farrar, by C. Barry Hillebrandt, Lake Charles, for defendant-appellee.
Before FRUGE, SAVOY, and HOOD, JJ.
FRUGE, Judge.
The plaintiff filed suit against his employer's insurer for workmen's compensation benefits. An exception of prematurity was filed to this suit. It was based upon the plaintiff's refusal to submit himself to a medical examination. The trial court sustained this exception and dismissed the plaintiff's suit, and he appeals.
The question posed by this appeal is whether an employer may suspend workmen's compensation payments to a disabled employee if he fails to appear for a medical examination which the employer has arranged for informally, without court order, and without consulting the employee or his attorney as to the time, date, place, examining physician, or traveling expenses necessary to report to the place of examination in another city?
Under the allegations of the petition, accepted as true for purposes of the exception, the plaintiff was injured on October 28, 1964, in the course of his employment with the defendant's insured. He was and is disabled by his injury and was still under medical treatment at the date this suit was filed on May 13, 1965, two days after the defendant insurer terminated the payment of workmen's compensation.
Such termination occurred in the following relevant factual context: On April 14th, without prior consultation, the defendant's claim adjuster notified plaintiff's attorney by mail that the plaintiff, a resident of Calcasieu Parish, was to report for medical examination by a neurosurgeon in Beaumont, Texas, at 10:00 A.M. on Tuesday, May 6th. On April 22nd, the plaintiff's attorney wrote to his client's attending physician to request information concerning any examination by a neurosurgeon, and to the attorney was transmitted by letter written May 5th (i. e., the day before the Beaumont appointment) an earlier report of this physician to the insurer which recommended evaluation by "a neurosurgeon".
On May 11, 1965, without (so far as the record shows) further consultation between the parties, the defendant's claim supervisor wrote the plaintiff's attorney that:
"You were advised by letter of April 14, 1965 that an appointment had been made for your client to be examined by Dr. Faulk on Tuesday, May 6, 1965. Dr. Faulk's office advises that your client failed to keep this appointment. Under the circumstances we are suspending your client's weekly benefits until which time he is examined by a doctor of our choice.
"In the event that your client is now ready to be examined by a doctor of our choice, please contact Mr. Victor G. Hemme at Hemlock 6-0992 in Lake Charles and he will arrange for an appointment."
At issue is the application of LSA-R.S. 23:1124, which provides:
"If the employee refuses to submit himself to a medical examination as provided in this Subpart or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension."
This provision must be interpreted in the light of the other provisions of the Louisiana workmen's compensation act pertaining to medical examinations. (For convenience *804 of reference, these are set forth in full as Appendix A appended to this opinion.)
An injured employee must submit himself to examination by duly qualified medical practitioner as soon as demanded after the accident, and "thereafter" as often as may be "reasonably necessary" at "reasonable hours and places." LSA-R.S. 23:1121. If the employer fails to have the examination made, the employee may have an examination made and shall forward the report to the employer, which report either of the employer or the employee shall be prima facie evidence of its contents. LSA-R.S. 23:1122. If there be any dispute thereafter as to the condition of the employee, the court upon application of either party may order an examination made. LSA-R.S. 23:1123. And finally, if the employee refuses to submit himself to a medical examination as provided for by the previous statutory provisions, then the employer is entitled to suspend the payment of workmen's compensation benefits to an employee claiming benefits under the compensation statute.
In dismissing the plaintiff's suit because he did not report for the ex parte medical examination, our learned trial brother did not have the benefit of our subsequently rendered decision in Abshire v. Hartford Accident & Indemnity Co., La.App., 179 So.2d 508. This case concerned the closely related question of whether an employer may obtain ex parte a court order for medical examination under Section 1123 (see Appendix A). In holding that a court order for medical examination should be obtained only after contradictory hearing, we pointed out, 179 So.2d 511:
"* * * The determination of the reasonable necessity of the examination, as well as of the reasonableness of the hours and place of examinations, is not one that properly should be left to the unilateral suggestion of the employer, without any consultation whatsoever of the employee as to his availability and personal opposition to a given medical examination at a given hour and given place. This is especially so in view of the drastic penalty to the employee of being denied compensation if what he feels to be a justified refusal to submit to unreasonable medical examination, in the final event is not sustained by the courts."
Our ruling in Abshire is determinative of the present question.
As we there pointed out, 179 So.2d 512:
"* * *, as Professor Wex Malone noted in his authoritative treatise, Louisiana Workmen's Compensation (1951), Section 382, p. 485: `* * * the examination must be a reasonable one. The employee cannot be compelled to submit to anything that is likely to be dangerous or extremely painful; nor can he be forced to submit to treatment under the guise of examination. In order to obtain the benefit of a specialist's examination, the court may require that the plaintiff make inconvenient or even lengthy trips for this purpose; but when a satisfactory examination can be made easily without an extended journey the worker will not be compelled to submit to an examination by some particular specialist located at a distance.'
"If the parties cannot agree upon these matters (as of course they do in the vast preponderance of cases), the remedial compensation enactment does not warrant the interpretation that the injured claimant must be bound by his employer's unilateral determination of the time and place and extent of medical examination, upon penalty of losing his compensation for the period in which he seeks judicial review of the employer's ex parte order for medical examination, if ultimately the court agrees that the medical examination ordered is reasonable as initially demanded by the employer."
*805 Viewing the medical examination provisions of the statute as a whole, we think that an employer is entitled to have an allegedly injured employee examined initially and thereafter as reasonably necessary. However, the employer is not entitled to suspend compensation to a disabled employee for the employee's failure to report for medical examination, except where such medical examination has previously been determined to be reasonable. We do not, of course, mean that an employer must pay compensation when the injured employee has failed to submit himself for the initial examination; nor that, when an employee refuses to submit himself for further medical examination, an employer is unable reasonably to terminate workmen's compensation payments when the previous reports including estimates of future disability reasonably indicate that the disability may have terminated.
The trial court felt that the employer may terminate workmen's compensation payments to a disabled employee if the latter fails to report for medical examination arranged ex parte. Under this view, the employee is then required to file suit to litigate the matter, and the burden is put upon the employee to secure a judicial determination of the reasonableness or not of the examination, with the additional penalty that compensation payments for the employee's subsistence are suspended to him during the period of litigation despite any disability or despite that the court in the final analysis may hold justified the employee's failure to report for that particular medical examination.
As we noted in Abshire, 179 So. 2d 512, "* * * an employer should not be entitled to require an employee to submit to a specific medical examination simply upon his own ex parte determination that such is reasonable, upon penalty to the employee of loss of his compensation if he resists the employer's request as unreasonable. A judicial determination, pursuant to contradictory proceeding, should similarly be necessary to justify an employer's suspension of compensation payments because of an employee's allegedly unreasonable refusal to submit to medical examination."
Before concluding, we do not think it inappropriate to reiterate the observation in Abshire, 179 So.2d 513: "* * * that the interests of both the injured employee and his employer are generally best served by consultation between opposing counsel and cooperative agreement as to examining medical specialist, the time and date of the examination, the employee's reasonable travelling expenses, and other incidental matters. It is indeed unfortunate that counsel in the present case could not have done so in order to avoid the delay and expense occasioned by the present judicial proceedings relative to medical examination, which in the vast preponderance of cases are agreed upon between counsel without the necessity for judicial intervention. We of course respect the sincerity of both counsel and their right to secure judicial solution of the question of medical examination."
In summary, in the present case the sole cause the employer terminated workmen's compensation payments to the disabled employee was that employee failed to appear for a medical appointment fixed ex parte by the employer. As previously noted, termination for such cause of compensation payments to a disabled employee is not authorized by law. The trial court's judgment dismissing the plaintiff's suit must therefore be reversed.
Nothing we say here, of course, is intended to militate against the employer's termination of compensation payments to an employee whose disability the employer has reasonable cause to believe is no longer compensable. We hold only that an employer may not terminate the payment of compensation payments to a disabled employee solely because the employee fails to report for a medical examination *806 arranged ex parte by the employer. For the drastic remedy of suspension of subsistence compensation to apply, we hold that a prior judicial determination must have been made that the employer-requested medical examination is reasonable as to time, place, and circumstances, following which the employee then defaulted in his judicially-determined obligation to report for this particular medical examination.
For the foregoing reasons, the judgment of the trial court dismissing the plaintiff's suit is reversed, and these proceedings are remanded to the trial court for further proceedings not inconsistent with the views expressed herein. All costs of this appeal are to be paid by the defendant-appellant; all other costs to await final determination of these proceedings.
Reversed and remanded.
HOOD, J., dissents, being of the opinion that the judgment appealed from is correct and should be affirmed.

APPENDIX A.
The following sections of Chapter 10 "Workmen's Compensation", Title 23, Louisiana Revised Statutes, LSA-R.S. 23:1021 et seq., comprise in full sub-part F having the sub-title "Medical Examinations":
§ 1121. Examination of injured employee
An injured employee shall submit himself to an examination by a duly qualified medical practioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter.
§ 1122. Employer's duty to cause examination of employee; rights of employee
The employer shall cause the examination provided for in the preceding section be made immediately after knowledge or notice of the accident, and to serve a copy of the report of such examination made by the employer's physician upon the employee within six days after the examination. If the examination is not made and the report is not furnished by the employer within that time, the employee shall furnish a report of the examination made by his own physician to the employer, for which the employee shall be entitled to receive from the employer the sum of one dollar. Upon the receipt by either party of such a report from the other party, the party receiving it, if he disputes the report or any statement therein, shall notify the other of that fact within six days, otherwise the report shall be prima facie evidence of the facts therein stated in subsequent proceedings under this Chapter.
§ 1123. Disputes as to physical condition of employees; examination under court supervision
If there be any dispute thereafter as to the condition of the employee, the court, upon application of either party, shall order an examination of the employee to be made by a medical practitioner appointed by the court. The fees of such examiner shall be fixed by the court at not more than ten dollars, and shall be paid in advance by the applicant. The medical examiner shall report his conclusions from the examination to the court, and such report shall be prima facie evidence of the facts therein stated in any subsequent proceedings under this Chapter.
§ 1124. Refusal to submit to examination; effect on right to compensation
If the employee refuses to submit himself to a medical examination as provided in this Subpart or in anywise obstructs the same, his right to compensation and to take or prosecute any further proceedings under this Chapter shall be suspended until the examination takes place. When a right to compensation is suspended no compensation shall be payable in respect to the period of suspension.

On Application for Rehearing.
En Banc. Rehearing denied.
SAVOY and HOOD, JJ., are of the opinion that a rehearing should be granted.