388 So.2d 461 (1980)
Mary Zeagler BARTLEY, Plaintiff-Appellant,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Defendants-Appellees.
No. 14228.
Court of Appeal of Louisiana, Second Circuit.
August 18, 1980.
*462 Sanders & Castete, Ltd. by Martin S. Sanders, Jr., Winnfield, for plaintiff-appellant.
Provosty, Sadler & Delaunay by Albin Provosty, Alexandria, for defendants-appellees.
Before PRICE, HALL and JASPER E. JONES, JJ.
PRICE, Judge.
Plaintiff appeals a judgment awarding her workmen's compensation benefits contending the trial court erred in failing to award penalties and attorney fees. We affirm.
Plaintiff began working for defendant, Ditto Apparel of California, Inc., on November 28, 1978, operating an automatic sewing machine. During her first day at work her fingers became numb and painful and she was unable to make a fist. She mentioned the problem to her supervisor but continued working. When she returned the next day her condition had worsened and she was no longer able to perform her job. She again complained to her supervisor who relayed the complaint to the plant manager. The manager responded with instructions for plaintiff to see her own doctor since the problem did not occur on the job.
Plaintiff was unable to return to work and her family physician referred her to an orthopedic specialist. The specialist examined her on December 11 and diagnosed her condition as a carpul tunnel syndrome involving the compression of a nerve in her wrist. She underwent surgery on December 28.
Although plaintiff had informed her supervisor and the plant manager of her treatment prior to the surgery, she made no demand for compensation benefits until suit was filed on February 1, 1979. After trial the court held that while plaintiff was entitled to compensation benefits, she had given no notice to her employer of a job-related accident and her demand for penalties and attorney fees was denied.
Plaintiff appeals the denial of penalties and attorney fees contending her initial complaints to her superiors were sufficient to constitute notice to defendants. She contends that since her employer was aware she was being treated by a physician regarding her complaints, its failure to investigate her claim to determine her entitlement to benefits was equivalent to an arbitrary refusal to pay.
We do not agree. After her initial complaints to her superiors, plaintiff made no demand for compensation until suit was filed. No medical bills or other reports from her physician were ever sent to her employer. Although her employer was aware of her treatment, plaintiff made no *463 assertions that her condition was the result of an accident on the job.
A deposition of plaintiff's physician was taken approximately one week before trial and he stated the exact cause of her condition could not be determined. Although the court ultimately found plaintiff to be entitled to compensation benefits, no clear relationship between her condition and her job activities was evident, particularly since no specific incident or "accident" as such had occurred. Under these circumstances we do not find defendants were unreasonable in their refusal to pay benefits until after the case had been tried and decided.
The judgment is affirmed at appellant's cost.