MARVIN, Judge.
The recipient of worker’s compensation benefits under a 1979 judgment appeals a 1981 judgment ordering her to submit to a medical examination to determine whether her disability still exists.
We noticed the question of whether this judgment is appealable and requested that the litigants brief this issue along with the merits. CCP 1841, 2083.
We disagree with appellant’s contention that she cannot be compelled to submit to a medical examination after a judgment has awarded her compensation benefits unless the employer first formally files a petition to have the trial court review her present disability. The words and the scheme of the statute are contrary to this contention. See LRS 23:1121-1124, 1331, and Malone-Johnson §§ 283, 284, 382, and cases discussed therein.
This appellant was awarded w.c. benefits in a judgment dated August 14, 1979, which, after a devolutive appeal, was affirmed by this court in 1980.[1] After this appellant declined in writing to submit to a medical examination unless ordered to do so, the trial court, after a rule to show cause, ordered her to submit to the examination on April 15,1981, under the threat of suspension of further w.c. benefits under § 1224.
Section 1331 provides in part that, at any time six months after a judgment adju *714 dicating disability has been rendered, and upon the application of either party on the grounds that the disability has been diminished or increased, the trial court shall “review” that judgment. This means, of course, that the trial court may modify the continuing obligation of the employer to pay weekly compensation benefits as the circumstances of disability may have changed. See Malone-Johnson § 284. The last sentence of § 1331 states that in such cases,
“. . . the provisions of [§] 1221 through ... [§] 1124 with reference to medical examinations shall apply.”
Section 1121 requires the injured employee to submit to a medical examination, arranged and paid for by the employer, “. . . during the pendency of [her] claim for compensation or during the receipt by [her] of payments under this chapter.” Emphasis ours. These sections of the statute, which must be read together, make no distinction between compensation payments voluntarily made before suit and those that are made after a judgment, other than the § 1331 requirement that six months elapse before a trial court can re-examine the circumstances of disability. Neither do we.
The statute is clear that, subject to the six-month requirement, an employee shall submit to a medical examination as often as may be reasonably necessary. § 1221. See Landreneau v. Liberty Mutual Insurance Company, 309 So.2d 283 (La.1975); Malone-Johnson § 284; Long v. Alabama Petroleum Co., et al, 3 La.App. 109 (2d Cir. 1925). An employee may curtail or limit the employer’s demands for medical examinations which become unreasonable in any respect. Malone-Johnson § 382.
Any change in disability six months or more after the adjudication of disability will have to be shown in most part by medical opinion evidence. In such circumstances it would be illogical to require that an employer must first file a petition alleging a change in disability before an employee can be ordered to submit to a medical examination. A holding to this effect would produce needless judicial inefficiency and expense and would result in the filing of petitions solely for the purpose of compelling an employee to submit to an examination. See Employers Mutual Liability Ins. Co. of Wis. v. Harry, 238 So.2d 209 (La.App. 1st Cir. 1970), writ refused.
Under these circumstances then, is an order that requires an employee to submit to a medical examination an appealable judgment? We hold that it is not. CCP 1841, 2083.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment which is not appealable absent a showing that it may cause irreparable injury. CCP 1841, 2083, in part. See also Herlitz Construction Company, Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981). No such showing is made or alleged here, apparently because the merits of the question of continued disability of this employee have not been determined and the continuing obligation of the employer to pay compensation benefits remains unaffected. Once the employee is examined by a medical doctor arranged for by the employer, then and, most likely, only then, will the merits of the continued disability of the employee under the compensation law be at issue. Particularly in Her-litz Construction Company, Inc., cited supra, were we reminded that our supervisory jurisdiction extends to those interlocutory judgments which do not cause irreparable injury, the alleged error in which, as a practical matter, may not be corrected on appeal of a judgment on the merits. We are aware that the 3d Circuit apparently held to the contrary in Sepulvado v. Martinez Brothers Pole Company, Docket No. 7899, in denying a writ application on June 5, 1980, before Herlitz, supra.
In Abshire v. Hartford Accident and Indemnity Co., 179 So.2d 508, 509 (La.App. 3d Cir. 1965), Judge Tate discussed the protective measures available to the employee and the applicability of CCP 1493 to § 1331 of the compensation statute. Abshire concluded:
*715 “The provisions of the workmen’s compensation act authorize continuous medical examination of the employee as reasonably necessary. Under them, while an employer might be clearly entitled in general to a medical examination, he is nevertheless not clearly entitled to the particular medical examination at the time and place and by the physician specified in his ex parte motion for same, nor for such an examination without prepaying the reasonable travelling expenses of the employee to report for same (see Weaver v. Mansfield Hardware Lumber Co., above cited, at 1 So.2d [103] 107 [La.App.]). Therefore, the order to obtain the particular examination requested may be granted only upon contradictory motion where the reasonableness of these specifics may be determined in the light of the employee’s interests also.” 179 So.2d 512. Our emphasis.
Compensation for disability benefits is determined by a formula applying a weekly wage and is periodically payable at the times and places as wages were payable to the injured employee. § 1201, § 1221(1), (2), and (3). The employer is obligated to pay compensation during the period of disability. § 1221(1), (2), and (3). The employer may fulfill its payment obligation voluntarily under § 1204, § 1271, or may be subject to suit under §§ 1291-1351. An employee’s claims for compensation may be compromised and settled or commuted to lump sums either before suit or after judgment. §§ 1271-1274.
We re-emphasize that the employee’s responsibility to submit to a medical examination is not limited to the time when the claim for compensation is pending, but extends
“. . . during the receipt by [her] of payments under this [worker’s compensation] chapter.” § 1121, in part.
The rights and the obligations conferred respectively upon the employee and the employer continue during the period of disability. See Abshire, supra, and §§ 1121, 1221(1), (2), and (3).
THE APPEALABILITY OF THE ORDER
Under Abshire, supra, the right of the employer to compel the employee to submit to a medical examination is likened unto Art. 1493 of the discovery section of the Code of Civil Procedure. We endorse this analogical approach particularly because of the continuing nature of the compensation principle. We also observe that while many orders compelling discovery may impose some burden upon a litigant, appellate courts generally have found such orders not to be appealable and have reviewed infrequently those orders only in the exercise of their supervisory jurisdiction.
Even though it might be said that where the issue of reasonableness is contested, the order compelling an examination is a judgment determining the merits of that issue,[2] as a practical matter it seems incongruous to hold that the order in that case is appeal-able, while in other circumstances, such as here, the order is not appealable. As a practical matter, the delay in perfecting appeals and briefing would extend for several months past the time the court ordered the examination to occur and would make the matter somewhat moot. Again, judicial and practical inefficiency would result and the employer would be deprived of his rights under the compensation statute.
Here the attack on the order is based on the failure of the employer to comply with the alleged legal prerequisite of filing a petition to review disability before proceeding contradictorily to obtain the order.
We hold that in such circumstances the order compelling the medical examination is not an appealable judgment within the contemplation of the law and, at appellee’s cost, DISMISS the appeal.

. Mary Zeagler Bartley v. Insurance Co. of North America, 388 So.2d 461 (La.App. 2d Cir. 1980).

. See dissenting opinion in Harry, supra.