605 So.2d 219 (1992)
Clyde COLLINS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
No. 24023-CA.
Court of Appeal of Louisiana, Second Circuit.
September 23, 1992.
*220 William T. Allison, Shreveport, for plaintiff-appellant.
Lunn, Irion, Johnson, Salley & Carlisle by Frank M. Walker, Jr., Shreveport, for defendant-appellee.
Before NORRIS, LINDSAY, and STEWART, JJ.
STEWART, Judge.
Plaintiff, Clyde Collins, appeals from the administrative hearing officer's order dismissing his worker's compensation claim against his employer, General Motors Corporation, for his failure to submit to a medical examination.
On appeal, Collins contends the administrative hearing officer erred in: (1) failing to determine whether the requested medical examination was reasonable; (2) ordering the examination to be performed at Tulane Medical Center rather than by a designated physician who practiced a recognized specialty; and (3) dismissing plaintiff's claim after he failed to comply with the order for the medical examination. For the reasons assigned, we reverse and remand.

FACTS
Collins was employed as a technician by General Motors Corporation. Collins alleges that he was exposed to a toxic petrochemical, specifically Methyl Chloroform from 1984 to 1987. Methyl Chloroform had been used to clean the floors in the General Motors plant where Collins worked.
Collins experienced nausea, dizziness, headaches, diarrhea, and ringing in his ears. He sought medical attention at the Environmental Health Center in Dallas, Texas. Dr. Alfred Johnson, a physician who treated Collins at Environmental Health Center, opined that Collins was hyperreactive to petrochemical odors and that Collins should work in an area that is chemically less contaminated with such products. In May 1988, Collins filed a claim for worker's compensation which asserted that his disability was caused by the exposure to Methyl Chloroform.
On joint motion of counsel for General Motors and Collins, Collins was ordered to submit to a medical examination at Tulane Medical Center in New Orleans. General Motors scheduled an appointment and notified Collins by letter. Collins notified General Motors by letter that he was unable to keep the scheduled appointment. General Motors scheduled another appointment for the medical examination and notified Collins by certified letter through his attorney. Collins failed to keep the scheduled appointment at Tulane Medical Center. *221 Thereafter, General Motors filed a motion to dismiss Collins worker's compensation claim based upon Collins' failure to comply with the order to submit to the medical examination. The motion to dismiss was granted and Collins' claim was dismissed without prejudice. Collins appeals.

DISCUSSION
We note initially that this is an appeal of the dismissal of a worker's compensation claim because of the claimant's failure to submit to a medical examination. Based on our review of the law, we find that the hearing officer erred in her dismissal of this claim. LSA-R.S. 23:1124 provides in part:
If the employee refuses to submit himself to a medical examination as provided in this Sub-part or in anywise obstruct the same, his right to compensation and to take or prosecute any further proceeding under this Chapter shall be suspended until the examination takes place.
Thus, the sanction for an employee's failure to submit to a medical examination is suspension rather than dismissal of the claimant's claim.
Claimant also contends that the hearing officer erred in failing to determine whether the requested medical examination was reasonable. Collins bases his argument on LSA-R.S. 23:1121(A) which provides in part:
An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, ...
Although an injured employee must submit himself to a medical examination in accordance with the cited statute, an employer is not entitled to suspend a disabled employee's right to compensation for failure to report for a medical examination until there has been a prior judicial determination that the medical examination requested by the employer is reasonable. LSA-R.S. 23:1121(A); Seaberry v. TG & Y Stores, Inc., 467 So.2d 12 (La.App. 1st Cir. 1985), writ denied, 470 So.2d 121 (La.1985); Smith v. Northwestern National Insurance Co., 432 So.2d 1102 (La.App. 3d Cir. 1983); Green v. Liberty Mutual Insurance Co., 184 So.2d 801 (La.App. 3d Cir.1966).
In the instant case, the record indicates that a contradictory hearing was scheduled for February 14, 1991 for Collins to show cause why the requested medical examination should not be ordered. On March 6, 1991, a joint motion for physical examination and continuance of the trial date was granted by the hearing officer. Ordinarily, the setting of a medical examination by joint motion would obviate the need for a reasonableness hearing, however, the circumstances presented in the case at bar warrant that a reasonableness hearing be conducted.
The record indicates that, after the entry of the order for physical examination, Collins' counsel withdrew. General Motors notified Collins of the July 15, 1991 appointment at Tulane Medical Center on July 8, 1991. Collins failed to attend the scheduled appointment. General Motors then filed a motion to dismiss based on Collins' noncompliance with the ordered medical examination.
At the August 6, 1991 hearing on the motion to dismiss, Collins represented himself. He acknowledged his willingness to submit to the medical examination however he expressed grave concerns about attending the examination in New Orleans until he could be assured that he would not be unduly exposed to certain environmental incitants which would exacerbate his physical condition. Collins stated that he was relying on medical advice from his doctors in Dallas. Also, the record contains a letter dated July 5, 1991 from Dr. Johnson which provides in pertinent part:
By avoidance, Mr. Collins' symptoms have dramatically reduced and he is relatively stable at this point. I have advised him to strictly avoid any substances that exacerbate his symptoms, which he has done.

*222 Additional exposure, at this time, to substances which he is hypersensitive would exacerbate his symptoms, such as auto exhaust and heavy traffic, solvents, indoor pollutions from carpets and paneling. The extent of damage that could occur to Mr. Collins from such exposures could be to such an extent that he may never regain his present state of health.
Collins testified further that he told his lawyer prior to his withdrawal that he could not go to the examination unless he was assured that certain safeguards were in place to protect him from further exposure to toxic chemicals. Counsel for General Motors sought to rebut Collins' contentions through argument, however, no cross-examination or contrary direct examination occurred apparently due to the limited scope of the hearing.
The issues raised at the dismissal hearing by Collins and General Motors regarding the circumstances under which Collins must submit to the medical examination are best addressed by a contradictory hearing designed to provide a fully developed record. Based upon our review of the record, we conclude that, given the circumstances of this case, the administrative hearing officer erred as a matter of law in sanctioning Collins without having first conducted a reasonableness hearing. Before the drastic remedy of suspension of claimant's compensation should apply in this case, a prior judicial determination must be made that the employer requested medical examination is reasonable as to time, place, and circumstances.
Collins' other assignment of error is premature in view of our disposition of this appeal.

CONCLUSION
For the foregoing reasons, we reverse the dismissal of Collins' worker's compensation claim and remand for the determination by contradictory hearing of whether the requested medical examination is reasonable. Costs of this appeal are assessed against General Motors.
REVERSED AND REMANDED WITH INSTRUCTIONS.
LINDSAY, J., concurs in the result.