951 So.2d 348 (2006)
Angela ATWELL
v.
FIRST GENERAL SERVICES.
No. 2006 CA 0392.
Court of Appeal of Louisiana, First Circuit.
December 28, 2006.
*351 Daniel Dazet, Baton Rouge, Counsel for Plaintiff/Appellee, Angela Atwell.
Stephen Brooks, Jr., Covington, Counsel for Defendant/Appellant, First General Services.
Before: CARTER, C.J., WHIPPLE and McDONALD, JJ.
WHIPPLE, J.
This is an appeal by defendant from a judgment of the Office of Workers' Compensation awarding claimant benefits and assessing defendant with penalties and attorney's fees. For the following reasons, we amend and affirm, as amended.

FACTS AND PROCEDURAL HISTORY
Claimant, Angela Atwell, was employed as a "restoration specialist" by defendant, First General Services, and was injured on November 4, 2002, when she slipped on concrete steps and fell.[1] As a result of the injury, claimant underwent a cervical fusion. However, after the surgery, claimant continued to experience pain in her neck, shoulder and back, which became chronic. Benefits were initially paid to claimant, but were subsequently terminated by her employer.
Claimant filed a disputed claim for compensation on January 8, 2004, seeking reinstatement of her weekly compensation benefits, adjustment of her weekly compensation rate, various medical benefits, the right to be treated by a physician of choice, and penalties and attorney's fees.
In its answer, defendant denied that claimant was entitled to any additional benefits. Additionally, in an amended answer, defendant asserted that claimant had willfully made false statements or misrepresentations about an alleged prior history of psychological problems and drug use and about her physical limitations and abilities. Thus, defendant contended claimant had forfeited her entitlement to any benefits pursuant to LSA-R.S. 23:1208.
Following trial in this matter, the workers' compensation judge rendered judgment, finding that claimant was temporarily totally disabled beginning October 13, 2003, and continuing through the date of trial; that claimant did not commit any violation of LSA-R.S. 23:1208; that claimant was entitled to reimbursement of out-of-pocket medical expenses for treatment by Dr. Sandra Weitz and to in-patient pain management treatment at Touro Infirmary Pain Center; that claimant was entitled to continue treatment with Dr. Weitz and Dr. Craig Waggoner; and that claimant was entitled to undergo cervical and brain MRIs. The workers' compensation judge also set claimant's weekly indemnity rate at $346.66.
With regard to penalties and attorney's fees, the workers' compensation judge determined that defendant was arbitrary and capricious for refusing to authorize and pay for medical treatment. Defendant was penalized $2,000.00 and ordered to pay $5,000.00 in attorney's fees for its refusal to provide such treatment. The workers' compensation judge further determined that defendant was arbitrary and capricious for its termination of benefits in December 2003 and for its failure to reinstate benefits after April 24, 2004.[2] Defendant *352 was ordered to pay attorney's fees of $1,000.00 for its termination of benefits in December 2003, and was also penalized $2,000.00 and ordered to pay $5,000.00 in attorney's fees for its failure to reinstate benefits in April 2004, as previously ordered by the OWC.
From this judgment, defendant appeals, contending that the workers' compensation judge erred in finding claimant temporarily totally disabled; finding no violation of LSA-R.S. 23:1208; awarding claimant reimbursement for medical expenses for treatment by Dr. Weitz and authorizing cervical and brain MRIs and continued treatment by Drs. Weitz and Waggoner; failing to suspend benefits until the date that Atwell actually submitted to a medical examination by Dr. Applebaum; and assessing penalties totaling $4,000.00 and attorney's fees totaling $11,000.00 against defendant. Claimant answered the appeal, seeking an amendment of the amount of penalties imposed and an increase in attorney's fees for defending the appeal.

TEMPORARY TOTAL DISABILITY BENEFITS

(Assignment of Error No. 1)
Benefits for a temporary total disability (TTD) shall be awarded only if a claimant proves by clear and convincing evidence that she is physically unable to engage in any employment. LSA-R.S. 23:1221(1)(c); Collins v. Family Dollar Stores, Inc., 99-0622 (La.App. 1st Cir.5/12/00), 760 So.2d 1210, 1214, writs denied, 2000-2356, 2000-2363 (La.11/13/00), 773 So.2d 727. Disability can be proven by medical and lay testimony. Isaac v. Lathan, 2001-2639 (La.App. 1st Cir.11/8/02), 836 So.2d 191, 199. A claimant who is unable to return to work as a result of a mental injury is entitled to TTD benefits. Williams v. Capitol Steel, 93-2154 (La.App. 1st Cir.10/7/94), 644 So.2d 705, 707. Additionally, a claimant who suffered from a pre-existing medical condition is also entitled to benefits if the accident aggravated, accelerated or combined with the pre-existing condition to produce disability. Peveto v. WHC Contractors, 93-1402 (La.1/14/94), 630 So.2d 689, 691.
The factual finding regarding whether a workers' compensation claimant has met her burden of proving disability and the length thereof must be given great weight and will not be overturned on appeal absent manifest error. Porter v. Gaylord Chemical Corporation, 98-0222 (La.App. 1st Cir.9/25/98), 721 So.2d 27, 30, writ denied, 98-2712 (La.12/18/98), 734 So.2d 638. If there is evidence before the workers' compensation judge that furnishes a reasonable factual basis for such a finding, the determination of facts will not be disturbed on appeal. Moreover, where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact will not be disturbed upon review. Porter, 721 So.2d at 30.
In the instant case, the workers' compensation judge found as a fact that claimant *353 was suffering from "very definitive severe depression specifically related to this physical injury that temporally totally disables her from employment." The workers' compensation judge explained that she found claimant to be disabled because of claimant's need for inpatient pain management, which defendant had refused to authorize. Additionally, the workers' compensation judge found as a fact that had defendant authorized the inpatient pain management treatment recommended by claimant's doctor, claimant would have been "much farther along in terms of her recovery and return to work."
Based on our review of the record, we find no manifest error in the workers' compensation judge's findings as to claimant's disability. Contrary to the assertions in defendant's brief, we find that the workers' compensation judge's findings are amply supported by the record and the medical evidence. Claimant was clearly suffering from severe depression related to her chronic pain from the work accident. While she may have suffered from depression in the past, claimant was working full time at the time of this accident with no demonstrated limitations. Thus, even if it could be argued that she had a pre-existing condition relating to depression, it is clear from the record that the accident at issue precipitated her current severe depression. Thus, the workers' compensation judge's conclusion that she was rendered temporarily, totally disabled given her current condition will not be disturbed by this court.[3]

REJECTION OF DEFENDANT'S LSA-R.S. 23:1208 CLAIM

(Assignment of Error No. 2)
Defendant next contends that the workers' compensation judge erred in finding that claimant had not committed any violation of LSA-R.S. 23:1208. Pursuant to LSA-R.S. 23:1208, a claimant's benefits will be forfeited where: (1) the claimant makes a false statement or representation; (2) the false statement or representation was willfully made; and (3) it was made for the purpose of obtaining or defeating any benefit or payment. Resweber v. Haroil Construction Company, 94-2708 (La.9/5/95), 660 So.2d 7, 12. Because LSA-R.S. 23:1208 is quasi-penal, it must be strictly construed. Revere v. Dolgencorp, Inc., XXXX-XXXX (La.App. 1st Cir.9/23/05), 923 So.2d 101, 107. Moreover, the issue of whether an employee forfeited her workers' compensation benefits is one of fact, which is not to be reversed on appeal, absent manifest error. Scott v. Wal-Mart Stores, Inc., XXXX-XXXX (La.App. 1st Cir.2/23/04), 873 So.2d 664, 672.
In the instant case, the workers' compensation judge was unimpressed with the evidence offered by defendant in support of its contention that claimant had willfully made misrepresentations for the purpose of obtaining benefits, labeling such evidence as "miniscule" and a "pitiful excuse for 1208 evidence." Specifically, regarding *354 defendant's contention that claimant had lied about a past history of psychological problems, the workers' compensation judge noted that claimant had undergone only one psychological screening in the past for an episode of depression shortly after having experienced an ectopic pregnancy. As noted by the workers' compensation judge, while claimant did discuss a history of depression in that screening, claimant testified that after going through the screening with the psychologist, she felt better able to handle her situation. As further noted by the workers' compensation judge, there was nothing in the medical records of claimant to suggest claimant had ever been treated for any other episodes of depression. Thus, the workers' compensation judge concluded that claimant's failure to mention that single episode of depression and psychological screening following the ectopic pregnancy was not an attempt to conceal a history of psychological problems or mislead defendant for the purpose of obtaining benefits and, thus, did not constitute a violation of LSA-R.S. 23:1208.[4]
The workers' compensation judge also found as a fact that claimant's failure to mention her "prior history of drug use," which had occurred years in the past, was not done for the purpose of obtaining workers' compensation benefits. Rather, the workers' compensation judge made a credibility determination in believing claimant's testimony that she did not disclose prior drug use because she was ashamed of having done that in the past. This reasonable credibility evaluation will not be disturbed on appeal. Porter, 721 So.2d at 30.
Finally, regarding the surveillance video of claimant, the workers' compensation judge characterized it as "an absolute travesty of the use of investigation," noting that after conducting surveillance of claimant on twenty-one separate days, defendant had approximately one hour of video of claimant leaving her home on only three occasions. Additionally, the workers' compensation judge found that the video of claimant in a store was consistent with claimant's testimony that she had good days and bad days and that if she shopped she took someone with her to carry heavy items. The workers' compensation judge found that the video did not show claimant "doing anything outside of any restrictions that have been set" for her.[5] Considering all of this evidence, the workers' compensation judge concluded that there were "absolutely no grounds" for a finding of a LSA-R.S. 23:1208 violation.
Based on our review of the record, we find that the workers' compensation judge's findings are amply supported by the record. Clearly, the workers' compensation judge rejected defendant's characterization of the evidence and its view of what the evidence established. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be manifestly erroneous. Stobart v. State, Through Dept. of Transp. & Development, 617 So.2d 880, 883 (La. 1993). Thus, we cannot conclude that the workers' compensation judge committed *355 manifest error in finding no violation of LSA-R.S. 23:1208.

MEDICAL BENEFITS

(Assignment of Error No. 3)
Defendant next contends that the workers' compensation judge erred: in ordering reimbursement for medical expenses for treatment with Dr. Sandra Weitz, a pain management specialist; in ordering continued treatment with Dr. Weitz and Dr. Craig Waggoner; and in ordering that claimant was entitled to undergo MRIs. Defendant argues that these awards were in error because claimant did not specifically seek these medical benefits in her disputed claim for compensation.
Pursuant to Section 6201 of the OWC Hearing Rules, only those issues listed in the pretrial statements shall be litigated at trial, and no new issues shall be raised except by written order of the workers' compensation judge for good cause or upon mutual agreement of the parties. LAC 40:1.6201. In the instant case, claimant specifically listed, in her pretrial statement, as issues to be litigated entitlement to "medical treatment and test [sic]," payment of medical bills, physician of choice, and wrongful denial of medical benefits. These issues clearly were broad enough to encompass all of the above awards and to place defendant on sufficient notice that these interrelated medical issues could be contemplated at trial. See Pujoe v. Stowe-Woodard, 40,044 (La.App. 2nd Cir.8/17/05), 911 So.2d 304, 311, writ denied, 2005-2365 (La.4/17/06), 926 So.2d 510.
Moreover, when claimant testified regarding her choice of physicians, medical referrals, treatment and tests that had not been authorized (and that were subsequently awarded by the workers' compensation judge), defendant did not object to that testimony to assert that the testimony was beyond the scope of claimant's pretrial statement or that these issues were not properly before the workers' compensation judge for resolution.[6] Accordingly, considering the above, we find no merit to defendant's contention that the issue of claimant's entitlement to these medical benefits was not before the workers' compensation judge.
We likewise find no merit to defendant's argument that this treatment was not warranted or that claimant's choice of physicians was unreasonable.[7] Accordingly, we find no basis to reverse these awards.

*356 PRIOR SUSPENSION OF BENEFITS

(Assignment of Error No. 4)
Defendant also contends that the workers' compensation judge erred in her ruling in a prior judgment that suspended claimant's benefits for her failure to present herself for a second medical opinion by defendant's choice of physician. In that prior judgment, the OWC suspended claimant's benefits from January 27, 2004, the date of a scheduled second medical opinion with defendant's choice of physician that claimant missed, until April 21, 2004, the date on which claimant agreed to attend a rescheduled medical examination. Defendant argues that the workers' compensation judge erred in refusing to suspend claimant's benefits until June 11, 2004, the date that claimant was actually evaluated by defendant's choice of physician for a second medical opinion.
Claimant, on the other hand, contends that this issue is not properly before this court because defendant did not appeal the prior judgment suspending her benefits. However, assuming that the prior judgment was interlocutory and thus not immediately appealable at the time it was rendered[8] and that the issue is properly before this court now that a final judgment on the issues of entitlement to compensation has been rendered, we nonetheless find no merit to defendant's challenge of the merits of that earlier ruling.
Pursuant to LSA-R.S. 23:1124, if an employee refuses to submit to a medical examination at the behest of the employer, the employee's right to compensation and to prosecute any further proceedings shall be suspended until the examination takes place. However, before the drastic remedy of suspension of a claimant's compensation should apply, a prior judicial determination must be made that the requested medical examination is reasonable as to time, place and circumstances. See Collins v. General Motors Corporation, 605 So.2d 219, 222 (La.App. 2nd Cir.1992).
The transcript of the April 23, 2004 hearing on defendant's motion to suspend claimant's benefits demonstrates that claimant had agreed to submit to the requested medical examination. However, because defendant's choice of physician could not see claimant until June 11, 2004, almost two months after that hearing, the workers' compensation judge refused to suspend benefits until that date, noting that (1) it was not fair to claimant to suspend her benefits for that length of time just because defendant's choice of physician could not get her on his calendar until then, and (2) there were many other doctors of that specialty who could probably evaluate claimant much sooner. Just as there must be a determination that the initially requested medical examination is reasonable as to time, place and circumstances, see Collins, 605 So.2d at 222, we believe that the subsequently scheduled *357 appointment must also be reasonable as to timeliness and the circumstances under which it is scheduled. We find no error in the workers' compensation judge's obvious finding that the timeliness of the rescheduled medical examination was not reasonable and, thus, that suspension of benefits for that entire period was not warranted.
While LSA-R.S. 23:1124 is clearly intended to primarily protect the employer, see generally Kirby v. Terminal Paper Bag Co., Inc., 16 So.2d 597, 599 (La.App. 2nd Cir.1943), we note that, as an additional protection to defendant herein, the judgment suspending claimant's benefits until April 21, 2004 provided that if claimant failed to appear at the June 11, 2004 medical examination, plaintiff's compensation benefits would be suspended, retroactive to April 21, 2004, without additional action by the OWC. Thus, the judgment complained of adequately protected defendant's interests in the event claimant failed to attend the June 11, 2004 examination. For these reasons, we find no merit to the assertion that the judgment suspending benefits should be modified as suggested by defendant.

PENALTIES AND ATTORNEY'S FEES

(Assignment of Error No. 5; Answer to Appeal)
In its final assignment of error, defendant contends that the workers' compensation judge erred in assessing it with penalties totaling $4,000.00 and attorney's fees totaling $11,000.00 for its arbitrary and capricious termination of benefits, its refusal to provide medical treatment, and its refusal to reinstate benefits on April 21, 2004, as previously ordered by the OWC.
At the time of claimant's injury, two statutory provisions provided the authority for assessing attorney's fees and/or penalties. Louisiana Revised Statute 23:1201(F) covered situations in which the employer failed to commence, or re-commence, payment of benefits timely, to pay continued installments timely, or to pay medical benefits timely. Under this statutory provision, both penalties and attorney's fees were recoverable unless the claims were reasonably controverted. Additionally, pursuant to LSA-R.S. 23:1201.2, the employer could be liable for the payment of attorney's fees, but not penalties, if the employer arbitrarily and capriciously discontinued payment of benefits due. Roussell v. St. Tammany Parish School Board, 2004-2622 (La.App. 1st Cir.8/23/06), 943 So.2d 449, 461. A determination of whether an employer has been arbitrary or capricious or has failed to reasonably controvert a claim is a question of fact and is subject to the manifest error standard of review. Luper v. Wal-Mart Stores, XXXX-XXXX (La.App. 1st Cir.3/28/03), 844 So.2d 329, 334.
In the instant case, the workers' compensation judge imposed penalties and/or attorney's fees under both provisions. To the extent that defendant argues that its failure to provide medical treatment or to recommence indemnity benefits was reasonable based on its alleged establishment of a LSA-R.S. 23:1208 violation, we find no merit to this argument. As discussed above, the workers' compensation judge found as a fact that defendant's attempt to establish such a violation was weak and clearly did not constitute a reasonable basis to deny benefits or refuse to reinstate benefits that had been suspended. This finding is amply supported by the record and will not be disturbed on review. Thus, penalties for those violations were proper under LSA-R.S. 23:1201(F). See Roussell, 943 So.2d at 461.
*358 Additionally, we find no manifest error in the workers' compensation judge's determination that defendant was arbitrary and capricious in discontinuing benefits in December 2003 because of a missed medical appointment by claimant. An employer is not permitted to unilaterally suspend its workers' compensation benefits because of an employee's failure to appear for a medical exam. Rather, a contradictory hearing must be conducted before benefits can be suspended. See Foreman v. Texaco, Inc., 93-900 (La.App. 3rd Cir.3/2/94), 634 So.2d 1370, 1371.
We specifically reject defendant's contention that the workers' compensation judge manifestly erred in concluding that defendant had unilaterally discontinued benefits in December 2003, rather than the date alleged by defendant, February 2004. We also reject defendant's argument that it did not discontinue benefits until after it showed the surveillance video to Dr. Mitchell in February 2004 and obtained his opinion as to whether claimant's complaints were consistent with her activities on the video.[9] Finding no manifest error in the workers' compensation judge's conclusion that defendant was arbitrary and capricious in unilaterally discontinuing in December 2003, we likewise conclude that the imposition of attorney's fees was proper pursuant to LSA-R.S. 23:1201.2.
The penalties imposed were within statutory limits, and we conclude that the attorney's fees awarded were not an abuse of the workers' compensation judge's discretion under the facts and record in this case. According, these awards will not be disturbed on review. See Roussell, 943 So.2d at 461.
With regard to claimant's answer to appeal, while we decline to increase the penalties assessed as requested by claimant, claimant has demonstrated her entitlement to an award of additional attorney's fees for work performed on appeal. Additional attorney's fees are usually awarded on appeal when a party appeals, but obtains no relief, and the appeal has necessitated additional work on the opposing party's counsel, provided that the opposing party appropriately requests an increase. Roussell, 943 So.2d at 464. Accordingly, we conclude that an additional award of $1,500.00 is appropriate, and the judgment will be amended accordingly. See Roussell, 943 So.2d at 464, and Luper, 844 So.2d at 338.

CONCLUSION
For the above and foregoing reasons, the August 2, 2005 judgment of the workers' compensation judge is amended to order defendant, First General Services, to pay claimant, Angela Atwell, an additional $1,500.00 in attorney's fees for the appeal. In all other respects, the judgment is affirmed. Costs of this appeal are assessed against defendant, First General Services.
AMENDED IN PART AND AFFIRMED AS AMENDED.
McDONALD, J., agrees in part and dissents in part with reasons.
McDONALD, J., Agreeing in part and dissenting in part.
While I agree with the majority in affirming the decision of the Workers' Compensation Judge, I respectfully dissent with affirming the $2,000 penalty and *359 $5,000 attorney fees for failure to reinstate indemnity benefits on the date Ms. Atwell agreed to submit to the SMO with Dr. Applebaum. Additionally, I would not award attorney fees for the appeal.
NOTES
[1] Atwell's duties involved commercial and residential painting, drywall hanging, finishing and texturing work, light plumbing and electrical work, and floor repairs and restoration. At the time of the accident, she had worked for defendant for almost two years.
[2] Claimant's compensation benefits had been temporarily suspended from January 27, 2004 through April 21, 2004, for her failure to attend a medical examination with Dr. Robert Applebaum, defendant's choice of neurosurgeon. The workers' compensation judge determined that defendant had improperly terminated benefits in December 2003, prior to the date of the suspension ordered by the OWC, and thereafter failed to reinstate claimant's benefits at the expiration of the suspension period as ordered, thus forming the bases for imposition of penalties and attorney's fees. While the actual date that benefits had been ordered reinstated was April 21, 2004, the workers' compensation judge in her subsequent judgment awarding penalties and attorney's fees incorrectly listed the date of reinstatement as April 24, 2004.
[3] Regarding defendant's assertion that claimant had never claimed to be temporarily totally disabled on a mental level, we note that the bulk of the medical evidence introduced, either by defendant or without defendant's objection, demonstrated that claimant's ongoing pain was contributing to severe depression for which she needed pain management therapy. Additionally, as acknowledged by defendant in brief, claimant specifically requested treatment by her choice of neuropsychologist in her disputed claim for compensation. Also, in her pre-trial statement, claimant listed as an issue the "[e]xtent of injuries and/or disability (including but not limited to Neck, Back and Left Shoulder)." Thus, we find no merit to the argument that the workers' compensation judge erred in finding claimant disabled on the basis that claimant had not specifically claimed to be mentally disabled.
[4] As noted by the workers' compensation judge, claimant consistently revealed the ectopic pregnancy in all of her medical questionnaires.
[5] Moreover, the workers' compensation judge noted that while Dr. Horace Mitchell, one of claimant's treating physicians, felt, upon observing the videotape, that claimant's activities on the tape were contradictory to her stated symptoms, Dr. Burdine also viewed the videotape and specifically noted that patients can have good days and bad days and that, on good days, they can do fairly well.
[6] Additionally, at the beginning of trial, the workers' compensation judge specifically listed, without objection by defendant, claimant's entitlement to reimbursement for medical expenses from treatment with Dr. Weitz and entitlement to a cervical MRI as issues to be determined.
[7] Defendant argues in brief that because Dr. J. Michael Burdine, a pain management specialist, terminated his treatment of claimant, claimant's request to change her treatment to Dr. Sandra Weitz, a psychologist, was unreasonable. Dr. Burdine did discontinue his treatment of claimant because of the circumstances surrounding her request for a replacement prescription for pain medication, which technically violated an agreement claimant had signed with his office. While defendant asserts that claimant's request to change to Dr. Weitz was unreasonable given that Dr. Burdine quit treating her for a violation of his treatment agreement, we note that Dr. Burdine candidly stated in his February 9, 2004 office note that, with regard to the misplaced prescription, he felt claimant had violated the treatment agreement "through no fault of her own." Nonetheless, because there had been a breach of the agreement, he deferred her treatment to Dr. Weitz, whom claimant had seen previously at the request of defendant. Thus, we find no manifest error in the workers' compensation judge's implicit finding that claimant's request for this change of physicians was reasonable.
[8] In Smith v. UNR Home Products, 614 So.2d 54, 54-55 (La.1993), the Louisiana Supreme Court held that LSA-R.S. 23:1310.5, the workers' compensation statute governing appeals of compensation judgments, contemplated an appeal from a final decision upon completion of the required evidentiary hearing and that piecemeal appeals go counter to the workers' compensation procedures, which are designed to allow the workers' compensation judge to "decide the merits of the controversy as equitably, summarily and simply as may be." LSA-R.S. 23:1317(A). In the present case, the prior judgment of the OWC merely acted upon a motion to compel compliance with a medical examination and to suspend claimant's benefits for her failure to attend the examination. It did not decide the essential issues of the case, i.e., whether claimant was entitled to benefits and in what amount. See LSA-C.C.P. art. 1915; Beaumont v. Exxon Corporation, 98-1239 (La.App. 5th Cir.4/27/99), 734 So.2d 155, 156.
[9] We note that while Dr. Mitchell stated that he believed claimant had reached maximum medical improvement as of the time he viewed the video, he nonetheless clearly stated that she still needed pain management treatment at that time, which defendant also refused to provide.