PETTIGREW, J.,
concurs in part, dissents in part, and assigns reasons.
|¶1 agree with the majority that the OWC judge was correct in finding that Mr. Pitre sustained a work-related injury, that it was a developing injury, and that Mr. Pitre’s claim had not prescribed.
I respectfully disagree with the majority in reversing the OWC judge’s award of fees and penalties in favor of Mr. Pitre and against his employer, Buddy’s Seafood, for the following reasons.
As stated by the majority, the decision to impose penalties and attorney fees is essentially a factual issue subject to the manifest error or clearly wrong standard of review. Authement v. Shappert Engineering, 2002-1631, p. 12 (La.2/25/03), 840 So.2d 1181, 1188-1189. Pursuant to that standard, this court may only reverse an OWC judge’s factual determination if we find from the record that a reasonable factual basis for the finding does not exist and the finding is manifestly erroneous. Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the fact finder’s choice be *825 tween them cannot be manifestly erroneous or clearly wrong. Stobart, 617 So.2d at 888. Even though an appellate court may feel its own evaluations and inferences are more reasonable than those of the fact finder, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review where conflict exists in the testimony. Polkey v. Landworks, Inc., 2010-0718, p. 4 (La.App. 1 Cir. 10/29/10), 68 So.3d 540, 545.
In reviewing the factual findings of the court, we do not retry the case, we do not make credibility decisions, we do not make conclusions and draw inferences from the factual and credibility determinations. That is the role of the trial court. Chauvin v. Terminix Pest Control, Inc., 2011-1006, p. 7 (La.App. 1 Cir. 6/28/12), 97 So.3d 476, 482.
In the instant case, in assessing penalties and attorney fees against Buddy’s Seafood, the OWC judge stated as follows:
[T]he Court will assess penalties and attorney’s fees. Now, the Court is assessing it to the employer. The Court is not assessing it to the self-insured fund because I can separate out. And it was the employer’s activities that created this.
Now, because the employer did not report it to begin with to allow the self-insured fund to start investigating and start making a determination early on in the situation, — They came in after the fact.
—and because ... the employee and his wife had to ask Mr. Daisy [on] several occasions to pay for medical treatment and to pay to even see a choice of physician, the employee would be allowed to have a choice of physician.
When the employee and his wife mentioned to Mr. Daisy, “I have an issue,” he should have taken it right then and there and gotten it checked out. That’s what you normally do. He didn’t follow the normal process. So the employee had his right to choice of physician.
He had his right to have the MRI and visit with Dr. Cenac paid timely and promptly and not have to keep going back to ask for the treatment. So there was a delay. There was a delay in the approval of that. He did not investigate the claim. He did not report the claim. And I felt the insurance company was actually hindered in the beginning.
Yes, I understand the controversy about some specifics, date and time; but I also think that Mr. Daisy did not help the situation, nor did he want there to be a workers’ compensation issue. So I’m assessing five thousand dollars in penalties against the employer.
I also believe the employee’s attorney is entitled to attorney’s fees. This was a four-day trial.... The Court will assess fifteen thousand ($15,000) dollars in attorney’s fees.
Based on the totality of the evidence in the record, I conclude that the OWC judge did not err in imposing penalties and attorney fees against Buddy’s Seafood pursuant to La. R.S. 23:1201(F) for its failure to timely investigate and report the incident, failure to timely pay for Mr. Pitre’s medical treatment, and failure to timely approve Mr. Pitre’s choice of physician. However, I find that pursuant to the statutory language of La. R.S. 23:1201(F), Mr. Pitre was entitled to penalties in the amount of $4,000.00, i.e., $2,000.00 for the failure to timely pay for Mr. Pitre’s medical treatment and $2,000.00 for the failure to approve Mr. Pitre’s choice of physician. Thus, I would amend the ^December 6, 2011 judgment to award penalties in favor of Mr. Pitre and against Buddy’s Seafood in the amount of $4,000.00. With regard to the award for attorney fees, I am unable *826 to find that the OWC judge manifestly-erred in assessing $15,000.00 in attorney fees against Buddy’s Seafood.
As the sole assignment of error in his appeal, Mr. Pitre seeks an increase in attorney fees for defending against this appeal. This court has held that such an increase is appropriate when the employer appeals, obtains no relief, and the appeal has necessitated additional work for claimant’s counsel, provided the claimant properly requests the increase. Atwell v. First General Services, 2006-0392, p. 5 (La.App. 1 Cir. 12/28/06), 951 So.2d 348, 358, writ denied, 2007-0126 (La.3/16/07), 952 So.2d 699. Based on these factors and the quality of work done by Mr. Pitre’s attorney on the appeal, I would award an additional $2,500.00. See Roussell v. St. Tammany Parish School Bd., 2004-2622, pp. 19-20 (La.App. 1 Cir. 8/23/06), 943 So.2d 449, 464.
For the above and foregoing reasons, in lieu of the $5,000.00 penalty award imposed against Buddy’s Seafood, I would amend the December 6, 2011 judgment to award penalties in favor of Mr. Pitre and against Buddy’s Seafood in the amount of $4,000.00. I would further amend the December 6, 2011 judgment to reflect an additional award of $2,500.00 in attorney fees in favor of Mr. Pitre for the work necessitated by this appeal. In all other respects, I would affirm the December 6, 2011 judgment and assess all costs associated with this appeal against Buddy’s Seafood.