ROSEMARY LEDET, Judge.
11 Defendant, Courtney Thomas, appeals portions of the November 15, 2011 judgment rendered by the Office of Workers’ Compensation (“OWC”) in favor of the plaintiff, Gee Cee Group, Inc., which suspended Mr. Thomas’ entitlement to benefits for the period of August 22, 2011 through September 24, 2011 and granted Gee Cee Group an immediate credit for indemnity benefits paid for that same period. For the reasons set forth below, we affirm.

FACTUAL AND PROCEDURAL HISTORY

On March 20, 1998, Mr. Thomas fell approximately forty-feet from a scaffold, in the course and scope of his employment with the Gee Cee Group. He contends that he sustained injuries resulting from the accident; specifically, Mr. Thomas is blind in one eye, suffers from impotence, has permanent brain injury, and other musculoskeletal ailments. Mr. Thomas filed an intentional tort suit alleging that he was pushed by a co-employee from the scaffold.[1]
| gIn connection with Mr. Thomas’ workers’ compensation claim, Gee Cee Group’s workers’ compensation carrier, Louisiana Commerce and Trade Association Self-Insurers’ Fund (“Carrier”), has paid, and continues to pay, both medical and indemnity benefits pursuant to the Louisiana’s Workers’ Compensation Act, La. R.S. 23:1021. Gee Cee Group has periodically sought neuropsychological evaluations of Mr. Thomas in order to establish his current condition, diagnoses, treatment needs, and ability to return to work. In December 1998 and December 2000, Mr. Thomas was evaluated by neuropsychologist Dr. Roberta Bell, the neuropsychologist that the Carrier chose. In March 1999 and April 2002, Mr. Thomas was evaluated by Dr. Kevin Bianchini, a neuropsychologist also chosen by the Carrier. In 2006, after Hurricane Katrina, Mr. Thomas relocated to Texas where he submitted to a neurop-sychological evaluation conducted by Dr. Karen Krause, a Texas doctor.
Since Mr. Thomas had not been evaluated since 2006, Gee Cee Group sought a neuropsychological evaluation of Mr. Thomas by Dr. Bianchini in order to access his condition, diagnoses, treatment needs, and ability to return to work, as it had been requested by Gee Cee Group in the previous years. On April 27, 2011, Gee Cee Group’s counsel notified Mr. Thomas in writing, through his attorney, that his Second Medical Opinion (“SMO”) appoint *673 ment with Dr. Bianchini was scheduled for June 1st and 2nd, 2011. In February 2011, the parties participated in an unsuccessful mediation in the pending tort suit. Shortly thereafter, Mr. Thomas filed a motion to set the tort suit for trial. On April 28, 2011, Mr. Thomas’ counsel |ssent written notice to Gee Cee Group’s counsel that Mr. Thomas would not be attending the SMO appointment with Dr. Bianchini.
On May 10, 2011, Gee Cee Group filed a Motion to Suspend Benefits and Motion to Compel SMO. A contradictory hearing was heard on June 17, 2011. The OWC judge rendered judgment on June 28, 2011 ordering Mr. Thomas to submit to a reevaluation or reexamination, or both, with Dr. Bianchini. However, Gee Cee Group’s Motion to Suspend Benefits was denied.
Mr. Thomas’ counsel was notified on June 29, 2011 that the neuropsychological evaluation with Dr. Bianchini was rescheduled to July 18th and 19th, 2011. In response, Mr. Thomas’ counsel sent notice to Gee Cee Group’s counsel that one of Mr. Thomas’ attorneys intended to attend the evaluation and had a scheduling conflict with the dates Gee Cee Group indicated. On July 14, 2011, Gee Cee Group’s counsel notified Mr. Thomas’ counsel in writing that the SMO appointment would be rescheduled, however it was Dr. Bianchini’s policy that his attorney could not be present during the evaluation. Gee Cee Group’s counsel explained in the letter that Dr. Bianchini does not allow attorneys, or any individual, to be present for the neu-ropsychological clinical examination and testing. The notice further indicated that if Mr. Thomas fails to appear for the appointment, Gee Cee Group will have no choice but to seek suspension of his benefits.
On July, 18, 2011 Mr. Thomas’ counsel responded, in writing, to Gee Cee Group’s counsel disputing Dr. Bianchini’s policy, that he could not attend his [ ^client’s evaluation. Mr. Thomas’ attorney also notified Gee Cee Group’s counsel that he would file a motion on Mr. Thomas’ behalf in the tort suit to resolve the matter. A Motion in Limine, Alternatively, Motion for Protective Order was filed in the tort suit on July 20, 2011 seeking to exclude Dr. Bianchini’s report and testimony from the jury or an order allowing Mr. Thomas’ attorney to attend the evaluation. Mr. Thomas’ motion was heard August 12, 2011; and the trial court took it under advisement.
Before Mr. Thomas’ motion was heard in the tort suit, on August 1, 2011, Mr. Thomas’ counsel was notified in writing that his appointment with Dr. Bianchini was rescheduled to August 22nd and 23rd, 2011. On August 19, 2011, the Friday before the Monday scheduled SMO appointment, Mr. Thomas’ counsel faxed written notice to Gee Cee Group’s counsel that Mr. Thomas would not be attending the appointment with Dr. Bianchini due to the pending motion in the tort suit relating to the appointment. However, the district court judge in the tort suit rendered judgment on August 17, 2011, two days before the appointment was canceled. Counsel for both parties contend that they had not received notice of judgment when the appointment was canceled. Ultimately, the district court judge denied Mr. Thomas’ Motion in Limine, Alternatively, Motion for Protective Order.
After receiving notice of the decision rendered by the district court judge in the tort suit regarding Mr. Thomas’ motions, on August 25, 2011, Mr. Thomas’ counsel requested in writing to Gee Cee Group’s counsel that Mr. Thomas’ appointment with Dr. Bianchini be rescheduled. However, the following day, Gee UCee Group filed a Motion to Suspend Benefits and Motion to Compel SMO in the OWC. Gee Cee Group also rescheduled Mr. Thomas’ *674 appointment with Dr. Bianchini to November 7th and 8th, 2011 and notified Mr. Thomas’ counsel of the appointment in writing on October 7, 2011.
On October 25, 2011, the OWC held a hearing on Gee Cee Group’s Motion to Suspend Benefits and Motion to Compel. The OWC judge rendered judgment on November 15, 2011, which ordered Mr. Thomas to submit to reexamination with Dr. Bianchini on November 7th and 8th, 2011, suspended Mr. Thomas’ entitlement to benefits for the period of August 22, 2011 through September 24, 2011 and gave Gee Cee Group an immediate credit for all indemnity benefits paid for the same period as the suspension. The OWC thus granted Gee Cee Group’s Motion to Compel and Motion to Suspend Benefits.
From this judgment, Mr. Thomas appeals.

STANDARD OF REVIEW

In workers’ compensation cases, factual findings are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Indus. Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. In applying the manifest error-clearly wrong standard, the appellate court must not determine whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Banks, 96-2840 at pp. 7-8, 696 So.2d at 556. When there are two permissible views of the evidence, a factfinder’s choice between them can never be manifestly erroneous or clearly wrong. Id. Thus, “if |fithe [factfin-der’s] findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.” Id. (quoting Sistler v. Liberty Mut. Ins. Co., 558 So.2d 1106, 1112 (La.1990).) However, when the court of appeal finds a manifest error of material fact that was made in the lower court, it is required, to review the facts de novo from the entire record and render a judgment on the merits. Rareshide v. Mobil Oil Corp., 97-1376 (La.App. 4 Cir. 4/22/98), 719 So.2d 494, 499.

DISCUSSION

Mr. Thomas contends that the OWC erred by suspending his weekly indemnity benefits. He contends that the failure to attend the SMO appointment with Dr. Bianchini was not a result of any arbitrary, capricious or unreasonable failure on his part but rather was reasonable under the circumstances.
Mr. Thomas argues that Gee Cee Group’s request for a SMO appointment with Dr. Bianchini was motivated by Mr. Thomas’ motion to set for trial after the failed mediation in the intentional tort suit. Mr. Thomas alleges that since Gee Cee Group was unable to compel the SMO appointment in the tort suit, it attempted to use the workers’ compensation law, La. R.S. 23:1121(A), to compel an evaluation. However, Gee Cee Group contends that La. R.S. 23:1121(A) permits an employer to have the employee examined from time to time to apprise himself of the employee’s condition, treatment, and future ability to work.
17La. R.S. 23:1121(A), which pertains to medical examinations of injured employees, provides in part:
An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pen- *675 dency of his claim for compensation or during the receipt by him of payments under this Chapter.
(Emphasis supplied.) The statute is clear that an employee shall submit to a medical examination as often as may be reasonably necessary. Bartley v. Insurance Co. of North America, 406 So.2d 712, 714 (La.App. 2nd Cir.1981). The employee’s responsibility to submit to a medical examination is not limited to the time when the claim for compensation is- pending, but extends “during the receipt of ([his]) payments under this (workers compensation) chapter.” Id. at 715 (quoting La. R.S. 23:1121(A).) The rights and obligations conferred respectively upon the employee and employer continue during the period of disability. Id. Therefore, it was reasonable for Gee Cee Group to request periodic evaluations of Mr. Thomas throughout the time he is receiving compensation.
Mr. Thomas cites Atwell v. First General Services, 06-0392, p. 11 (La.App. 1 Cir. 12/28/06), 951 So.2d 348, 356, noting that before the drastic remedy of suspension of compensation should apply, a prior judicial determination must be made that the requested medical examination is reasonable as to time, place and circumstances. See also City of Jennings v. Clay, 98-225 (La.App. 3 Cir. 10/14/98), 719 So.2d 1164, 1167; Collins v. General Motors Corp., 605 So.2d 219, 221 (La.App. 2nd Cir.1992); Grambling State University v. Walker, 44,995, p. 6 (La.App. 2 Cir. 3/3/10), 31 So.3d 1189, 1193; Green v. Liberty Mut. Ins. Co., 184 So.2d 801, 805-06 (La.App. 3rd Cir.1966); Knight v. General Acc. Ins. Co., 496 So.2d 1141, 1145 (La.App. 4th Cir.1986). However, Gee Cee Group notes that on June 23, 2011, the OWC judge made a ruling as to the reasonableness of the evaluation and ordered Mr. Thomas to submit to the SMO appointment with Dr. Bianchini.
The record in the instant case indicates that a contradictory hearing was held on June 17, 2011 at which Mr. Thomas was required to show cause why his benefits should not be suspended and why he should not be compelled to attend the SMO appointment with Dr. Bianchini.[2] On June 23, 2011, the OWC judge issued a judgment ordering Mr. Thomas to submit to the SMO appointment with Dr. Bianchi-ni, but it denied Gee Cee Group’s motion to suspend Mr. Thomas’ benefits. We find that the OWC judge implicitly made a ruling that the requested medical evaluation is reasonable by ordering Mr. Thomas to submit himself to Dr. Bianchini for a neuropsychological evaluation.
After the OWC issued its June 23, 2011 judgment, Mr. Thomas’ SMO appointment with Dr. Bianchini was scheduled by the Gee Cee Group and noticed to Mr. Thomas. However, at Mr. Thomas’ request, the appointment was rescheduled. Mr. Thomas then failed to appear to the rescheduled appointment due to the pending motions in the intentional tort suit relating to the evaluation with Dr. Bianchini. Gee Cee Group subsequently filed a Motion to Suspend Benefits and |gMotion to Compel SMO in the OWC pursuant to La. R.S. 23:1124; the ruling on that judgment is the subject of the instant appeal.
Pursuant to La. R.S. 23:1124(A), if an employee refuses to submit himself to a medical examination at the behest of the employer, the employee’s right to compensation and to take or prosecute any further *676 proceedings shall be suspended until the examination takes place. Atwell, 06-0392 at p. 11, 951 So.2d at 356.
Mr. Thomas notes that the June 23, 2011 judgment, which ordered him to submit to the SMO appointment with Dr. Bianchini, did not contain a date, time and place. Therefore, he filed a Motion in Limine in the intentional tort suit seeking relief under La. C.C.P. art. 1464.[3] However, Mr. Thomas fails to note that La. R.S. 23:1124, which provides the penalty for an employee’s refusal to submit to an examination, states that “[t]he-employee shall receive at least fourteen days written notice prior to the examination,” which timely notice was satisfied by the Gee Cee Group.
Therefore, the central issue in the instant appeal is whether Mr. Thomas’ refusal to submit to the SMO appointment with Dr. Bianchini was arbitrary and unreasonable. Ripp v. Maryland Cas. Co., 221 So.2d 899, 904 (La.App. 4th Cir.1969). A judicial determination, pursuant to contradictory proceeding, should be | Ulnecessary to justify an employer’s suspension of compensation payments because of an employee’s allegedly unreasonable refusal to submit to medical examination. Id. at 903 (citing Abshire v. Hartford Acc. & Indem. Co., 179 So.2d 508, 512 (La.App. 3rd Cir.1965).) La. R.S. 23:1124(B) provides that “[ujnless the employee can show good cause for his refusal or obstruction of the medical examination; the workers’ compensation judge shall suspend the employee’s compensation and prosecution rights.... ”
On October 25, 2011, a hearing was held in the OWC on Gee Cee Group’s Motion to Suspend Benefits and Motion to Compel SMO. The OWC judge noted, before rendering judgment, that the court issued an order on June 23, 2011 ordering plaintiff to attend an examination with Dr. Bianchini and the court did not set any parameters other than that Mr. Thomas was to attend the appointment. The OWC judge concluded that based on what had been submitted to the court that Mr. Thomas canceled the SMO appointment with Dr. Bianchini due to the pending motions in the intentional tort suit. The judge noted that Mr. Thomas did not file a protective order, stay, or any other motion in the OWC, which is the court that had jurisdiction over the matter. The judge further stated that the proceedings in the district court had no impact on the OWC, nor was the OWC required to consider the district court’s ruling. The OWC judge ultimately held that Mr. Thomas’ refusal to submit to the medical examination is sanc-tionable under La. R.S. 23:1124, and the OWC judge ordered that his benefits be suspended from August 22, 2011 through September 24, 2011, which corresponded with the time between Inwhen Mr. Thomas agreed to submit to the examination and the time it would have taken to schedule the next appointment with Dr. Bianchini.[4]
*677 We agree with the holding of the OWC that Mr. Thomas’ refusal to be examined by Dr. Bianchini was unreasonable. The OWC judge noted several other reasonable actions Mr. Thomas could have taken in the OWC to address his concerns regarding the examination with Dr. Bianchini. None of those actions were taken and his refusal violated the OWC June 23, 2011 order. Accordingly, we find that the OWC judge did not err by suspending Mr. Thomas’ benefits.

DECREE

For the foregoing reasons, the judgment of the OWC is affirmed.
AFFIRMED

. The intentional tort suit, names Gee Cee Group as a defendant, and is currently pending in Orleans Parish Civil District Court. See Civil District Court for the Parish of Orleans, No. 99-4601.

. The transcript of the hearing is not included in the record for review. However, both Gee Cee Group and Mr. Thomas argue in their briefs to the OWC at the June 17, 2011 hearing as to the reasonableness or unreasonableness, respectively, of the SMO appointment with Dr. Bianchini.

. La. C.C.P. art. 1464 provides in pertinent part:
When the mental or physical condition of a party, or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in his custody or legal control, except as provided by law.... The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.
(Emphasis supplied.)

. On August 25, 2011, Mr. Thomas' counsel requested in writing to Gee Cee Group’s counsel that Mr. Thomas’ appointment with Dr. Bianchini be rescheduled. Gee Cee Group did not reschedule the appointment *677 until October 7, 2011 and it took thirty days to get the next available appointment with Dr. Bianchini. The OWC judge noted in her ruling that she did not attribute the delay between August 25, 2011 and October 7, 2011 to Mr. Thomas.